GEE, Circuit Judge:
We are called upon in this appeal to consider for the first time — and, since the statute has now been replaced, probably for the last — the scope of a bankruptcy court’s authority to disallow a contingent or unliquidated claim under section 57(d) of the old Bankruptcy Act, 11 U.S.C. § 93(d) (1976) (repealed).
In 1974, Bryan Adams sold a duplex to Paul and Myneka Evans. The Evanses contend that Adams promised to correct certain deficiencies in the property if they purchased it, that he failed to do so, and that, indeed, he never intended to do so. On the basis of these contentions, the Evanses filed suit against Adams in a Texas *174 state court in July 1975, alleging breaches of contract and warranty, fraudulent misrepresentation, and violation of the Texas Deceptive Trade Practices Act. The Evans-es requested a jury trial and sought both actual and punitive damages.
In September 1977, however, before the case was tried, Adams filed a bankruptcy petition and was duly declared bankrupt. The filing of the petition apparently stayed the state proceeding. The Evanses filed a proof of claim against Adams in the bankruptcy court for $41,000, the amount allegedly due them on their suit arising out of the duplex transaction, but they objected to the discharge of the claim. The court scheduled a hearing in January 1979 to determine whether the claim should be discharged, and counsel for both Adams and the Evanses presented themselves to argue the issues involved. The court, however, without reaching the merits of the Evanses’ claim, decided that it was not allowable under section 57(d) of the Bankruptcy Act, 11 U.S.C. § 93(d),[1] and for that reason was not dischargeable. The effect of that decision is that Adams remains liable for any judgment that may be rendered against him in the state court suit, the stay of which the bankruptcy court order dissolved, notwithstanding his declaration of bankruptcy.
The court initially found, and it is not disputed, that the claim at issue was “contingent or unliquidated,” as not yet adjudicated by the state court. Under section 63(a) of the Act, 11 U.S.C. § 103(a), at least most such claims may be “proved,” as is prerequisite for discharge. Under section 63(d), 11 U.S.C. § 103(d), however, contingent or unliquidated claims that have been proved but have not been allowed under section 57(d) are deemed not proved and, indeed, not even provable. That section provides in pertinent part:
That an unliquidated or contingent claim shall not be allowed unless liquidated or the amount thereof estimated in the manner and within the time directed by the court; and such claim shall not be allowed if the court shall determine that it is not capable of liquidation or of reasonable estimation or that such liquidation or estimation would unduly delay the administration of the estate or any proceeding under this Act.
In deciding not to allow the Evanses’ claim, the bankruptcy court found both that the claim was “not capable of liquidation or of reasonable estimation” and that “such liquidation or estimation would unduly delay the administration of the estate.” The court did not elaborate further on the basis for its decision. Adams appealed the bankruptcy court’s decision to the district court, which affirmed the former; and Adams now appeals to us.
Although this court has not heretofore had occasion to fashion a standard for reviewing bankruptcy court decisions on whether to allow claims under section 57(d), the prevailing rule appears to be that such decisions are reviewable only for abuse of discretion. SEC v. An-Car Oil Co., 604 F.2d 114, 121 (1st Cir. 1979); In re Cartridge Television, Inc., 535 F.2d 1388 (2d Cir. 1976); see In re William Rakestrow Co., 450 F.2d 6, 9 (9th Cir. 1971); 3 Collier on Bankruptcy ¶ 502.03 (15th ed. 1980); id. ¶ 57.15[4] (14th ed. 1977). While the latitude of the court’s discretion to disallow claims is therefore broad, it is not unlimited. See Schaefer v. Smith, 469 F.2d 1256 (10th Cir. 1972); In re William Rakestrow Co., supra. In the present case we conclude that the bounds of the court’s discretion were transgressed. On the record before us, the court’s decision that liquidation of the Evanses’ claim would unduly delay the administration of the estate, and perforce its decision that the claim *175 was not capable of liquidation, cannot stand.[2]
First, the record reveals no reason why the court could not itself have liquidated the claim without precipitating “undue delay.” The legal issues involved, presented in a pretrial order, were all fairly routine. While it may have been true at the time that some of the law surrounding the Texas Deceptive Trade Practices Act was unsettled, the possible difficulty of legal issues to be decided does not, in and of itself, excuse a court from deciding them. The pretrial order also showed that only three witnesses were to be called, two of them parties. The Evanses conceded at oral argument before this court, moreover, that the case would require only a day or two to try. While it is possible that docket pressure would not have permitted the bankruptcy court to undertake a proceeding of even so short a duration while the parties were then before it, the record does not disclose why it could not have done so at a future date without “unduly” delaying the administration of the estate.[3]
Nor does the record disclose why, even if the court could not itself readily have liquidated the claim, the court could not simply have let the state court in which the Evans-es had brought their suit decide the case and so liquidate it. That suit has been pending in the state court well over three years when the bankruptcy court rendered its decision — and over two years when the bankruptcy petition was filed and the state proceedings thereby apparently stayed; thus, the suit may well have enjoyed sufficient precedence on the state court docket that it could have been adjudicated before Adams’ third-party suit,[4] for which the estate was being held open, was resolved.
Nevertheless, we are aware that the bankruptcy court may have had valid reasons for deciding that liquidation of the claim would engender undue delay and therefore that the claim should not be allowed. The court, however, did not apprise us in its opinion of any such reasons. And since we can discern none from our independent review of the record, we must conclude that the court abused its discretion in disallowing the claim. Thus, the district court’s affirmance of the bankruptcy court’s decision, which also discloses no factual basis for that decision, is REVERSED and REMANDED.

. Since Adams’ bankruptcy case commenced prior to October 1, 1979, the effective date of most of the provisions of the 1978 Bankruptcy Code, all proceedings related to his case are, by the terms of the 1978 Code itself, governed by prior law. See In re Schwab, 613 F.2d 1279, 1280-81 n. 1 (5th Cir. 1980). All statutory references, therefore, are to the Bankruptcy Act of 1898 and its codification, both of which were repealed by the 1978 Code.

. We do not reach the question whether the court abused its discretion in deciding that the claim was not capable of reasonable estimation and that such estimation would cause undue delay. We note, however, that the Evanses estimated the amount due them to be $41,000.

. It appears, after the fact, that the estate is even now still open — two years after the court’s decision to disallow the Evanses’ claim — because Adams is a plaintiff in a suit against another party, the potential recovery from which will become part of the estate, and it strains credulity to suppose that the court could not in a two-year period have found time to adjudicate the claim.

. See n.3, supra.