PER CURIAM:
 

 Appellant seeks to discharge, through bankruptcy proceedings, an indebtedness resulting from a student loan. The bank handling the loan, Adel Banking Co. filed a timely proof of claim. The claim subsequently was transferred to appellee Georgia Higher Education Assistance Corp. (GHEAC). Pursuant to Bankruptcy Rule 302(d), the bankruptcy court approved the transfer to GHEAC. The bankruptcy court also entered an order holding appellant’s student loan to be dischargeable. On appeal, the district court, 6 B.R. 1011, reversed the bankruptcy court’s ruling that the loan was dischargeable but affirmed approval of the transfer from Adel to GHEAC. We affirm both actions of the district court.
 

 Appellant’s argument that his student loan is dischargeable fails under the decision of the former Fifth Circuit in
 
 In re Williamson,
 
 665 F.2d 683 (5th Cir. 1982) (Unit B).
 
 [1]
 
 Similarly unavailing is appellant’s charge that the bankruptcy court abused its discretion in approving the transfer of claim from Adel to GHEAC. Although GHEAC’s proof of claim did not become official until after the applicable time period had elapsed, this filing did not create a new claim. Rather, it constituted a substitution of parties with no change in the nature of the claim against appellant. Accordingly, GHEAC’s filing related back in time to the original filing by Adel and therefore was not untimely.
 
 See
 
 Fed.R. Civ.P. 15(c);
 
 Fidelity & Deposit Co.
 
 v.
 
 Fitzgerald,
 
 272 F.2d 121, 129 (10th Cir. 1959),
 
 cert. denied,
 
 362 U.S. 919, 80 S.Ct. 669, 4 L.Ed.2d 738 (1960);
 
 In re Whicker,
 
 47 F.2d 106, 108 (5th Cir. 1931).
 
 See generally
 
 Advisory Committee’s Note to Bankruptcy Rule 302. In light of the circumstances giving rise to the tardy claim by GHEAC, we cannot say that the bankruptcy court abused its discretion in allowing the claim.
 
 Cf. Adams v. Evans,
 
 642 F.2d 173 (5th Cir. 1981) (holding abuse of discretion as the standard of review for a bankruptcy court’s decision on whether to allow claims). Because the district court properly upheld this approval of transfer, its judgment is
 

 AFFIRMED.
 

 [1]
 

 .
 
 Williamson
 
 is adopted as the law of this circuit.
 
 Stein v. Reynolds Securities, Inc.,
 
 667 F.2d 33, 34 (11th Cir. 1982).