**MENICK v. HOFFMAN et al.**

No. 13330.

United States Court of Appeals Ninth Circuit.

June 15, 1953.

366

Samuel A. Miller, Los Angeles, Cal., for appellant.

Greenbaum, Wolfe & Baker, Robert L. Ordin, Los Angeles, Cal., for appellee Hoffman.

Before STEPHENS and POPE, Circuit Judges, and McCORMICK, District Judge.

McCORMICK, District Judge.

A. S. Menick, as Trustee for the Estate of Arthur Hoffman, bankrupt, appeals from an order of the District Court which reversed a referee's order sustaining objections of the trustee to an allowance of an amended additional tax claim of the United States Collector of Internal Revenue.

The record discloses the following factual situation: The first meeting of creditors in this bankruptcy proceeding was held May 22, 1950, and the last day for filing claims herein was November 22, 1950, in the absence of any order for additional time as provided by Section 57, sub. n, of the Bankruptcy Act,[1] herein also called the Act.

On November 21, 1950, a claim was filed in the office of the referee by the United States of America through its appropriate Collector of Internal Revenue in the sum of $595.23, certified by such Collector to be the sum due for withholding taxes for the first quarter of 1950 in the sum of $510.90, and for federal insurance contribution for the first quarter of 1950 in the sum of $84.12, and a further sum of 21¢ as interest thereon.

On May 23, 1951, six months and one day after the time limit permitting the filing of claims in the absence of an order extending time as provided by Section 57, sub. n, of the Act, the Collector of Internal Revenue filed in the referee's office what was denominated and certified by the said Collector as an "Amended additional claim" of the United States for internal revenue taxes in the sum of $5,215.32, being income taxes due to the United States of America by the bankrupt and the bankrupt's wife for the years 1944, 1945 and 1946, as more fully appears from the said "Amended additional claim."

In due time and within eight days after May 23, 1951, and on or about the 31st day of May, 1951, the trustee, appellant herein, caused to be filed objections to the "Amended additional claim," which objections came on for hearing before the referee on June 5, 1951.

The objections to the "Amended additional claim" and a written notice of hearing thereof before the referee in bankruptcy on June 5, 1951, was directed to and served upon the United States Attorney and the Collector of Internal Revenue, and was also served upon the bankrupt. The bankrupt, although not expressly directed in the notice to do so, appeared and participated at the hearing before the referee on the trustee's objection to the "Amended additional claim" of the Collector of Internal Revenue.

At the hearing before the referee on the "Amended additional claim" on June 5,

1. "(n) Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States and of any State or subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: * * *." 11 U.S.C.A. § 93, sub. n.

1951, no evidence was introduced by the testimony of any witness, but the verified "Amended additional claim" and the trustee's objections were before the referee for his consideration and appropriate action. The Collector of Internal Revenue was represented by his attorney who appeared at the hearing. The trustee and appellant herein appeared by his attorney, and the bankrupt, appellee herein, also appeared by one of his attorneys, who filed a reply to trustee's objection to the "Amended additional claim" of the United States with a memorandum of points and authorities on the subject which were served on the respective attorneys for the Collector of Internal Revenue and the trustee of the bankrupt estate.

At this hearing the attorney for the Collector of Internal Revenue asked for time to file a brief, and the attorney for the bankrupt, appellee herein, likewise asked for time to file a brief. The attorney for the bankrupt, appellee herein, did file a brief, but the attorney for the Collector of Internal Revenue did not file any brief and acquiesced in the ruling of the referee which sustained the trustee's objections to the said "Amended additional claim."

The Collector of Internal Revenue did not petition the District Court for a review of the referee's order sustaining the trustee's objection to the said "Amended additional claim" filed by the Collector of Internal Revenue. The review to the District Court was solely by the bankrupt, appellee herein, who while not a party specifically named in the trustee's written objections to the said "Amended additional claim," did, as before stated, appear and participate in the referee's hearing which eventuated in the referee's order involved in this appeal.

This appeal involves no factual dispute, but presents three basic questions of law:

■ Firstly, under the record as a whole, is the bankrupt a "person aggrieved" within the meaning and scope of Section 39, sub. c, of the Bankruptcy Act?[2] 11 U.S.C.A. § 67, sub. c.

When the purposes and consequences of an ordinary orderly bankruptcy proceeding are considered it is clear that the bankrupt, being in a precarious and vexatious legal situation relative to his eventual discharge from tax debts due to the United States, was aggrieved by the referee's order rejecting the amended claim filed by the Collector of Internal Revenue. In such situation the bankrupt was entitled to petition for review and to have the District Judge consider and determine the merits of such petition.

The ruling of the referee rejecting the Amended additional tax claim has the result of continuing to impose an enlarged amount of personal liability upon the bankrupt, which of course would impair his financial status after his final discharge in bankruptcy, Section 17(1) of the Act, 11 U.S.C.A. § 35(1).[3] Whereas, if the court should allow the amended claim and order it paid in the course of the administration of the bankrupt estate, then the bankrupt's rights are definitely affected and settled thereby. Such is a *desideratum* of ordinary bankruptcy proceedings. We think under the undisputed facts the bankrupt is a party aggrieved within the meaning of Section 39, sub. c, of the Act.

■ Secondly, Did the District Court fail to make a finding of fact that the bankrupt in this matter was a "party aggrieved' within Section 39, sub. c, of the Act?

While the certificate of the referee does state that he was not ruling that the bankrupt "is a person aggrieved" by the order rejecting the Amended additional claim of the United States for taxes, the District Judge, however, in deciding the merits of the petition for review, contrary to a statement in appellant's opening brief, made the

---

**2.** Section 39 sub. c, of the Act in *pari materia* provides that *a person aggrieved* by an order of a referee may within ten days after the entry thereof, or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a

judge and serve a copy of such petition upon adverse parties who were represented at the hearing. (Emphasis supplied).

**3.** Section 17(1) expressly exempts taxes of the United States from a discharge in bankruptcy.

following clear and unequivocal formal finding of fact:

"That it is true that the bankrupt Arthur Hoffman is a party aggrieved by the aforesaid order of the referee disallowing the amended claim for additional taxes filed by the United States Government for the reason that the said amended claim for additional taxes due to the United States Government from the bankrupt is not dischargeable in bankruptcy and that the aforesaid bankrupt will therefore be compelled to pay said claim and remain liable therefor, subsequent to any discharge he may receive during the course of said bankruptcy."

It thus appears that there was no failure by the District Court to make a finding on what appellant states to have been an undecided material point in the case.

Finally, the appellant poses a critical question: Is the Amended additional claim of the United States for taxes filed with the referee on May 23, 1951 in the sum of $5,215.32 an entirely new, different, separate and distinct claim and therefore not a proper amendment to the prior claim duly filed by the Collector of Internal Revenue in the office of the referee on November 21, 1950?

Not only does the caption or description of the questioned claim connote that it is a supplemental entity, the instrument being designated "Amended additional claim of United States for taxes," but the text of each of the two verified statements of indebtedness expressly shows a conjoint and correlative nature of the debt to be internal revenue taxes due to the United States. In the incipient tax claim signed and sworn to by the Collector of Internal Revenue on November 17, 1950, it is stated, "(2) that the nature of said debt is internal revenue taxes due pursuant to law as follows:" Then follows an item of "withholding" taxes, and in the questioned claim an identical expression of the nature of the debt is stated which is also followed by itemization of income taxes.

Thus the questioned claim in suit contains only a statement of additional items amplifying a species of tax relationship and obligation that was asserted in the original claim and that continued to exist between the bankrupt and the sovereign taxing authority relative to internal revenue taxes. Cf. United States v. Roth, 2 Cir., 164 F.2d 575; Continental Motors Corporation v. Morris, 10 Cir., 169 F.2d 315; Industrial Commissioner of New York v. Schneider, 2 Cir., 162 F.2d 847.

■ The duly filed initial claim of November 21, 1950, was for unpaid income taxes although the instrument itemizes the nature of the tax due as a "withholding" tax. But withholding taxes are income taxes which the employer must deduct from the wages of employees and for the payment of which tax the employer is liable to the Government.[4] Both are demands of the same generic origin. And in such a situation the questioned claim filed with the referee May 23, 1951, does no more than bring forward and make effective a federal tax indebtedness of the bankrupt to the United States which was asserted in the initial claim. There is no change in the basic ground for recovery that is set out in the earlier claim on file with the referee.

■ The omnibus attributes of the initial claim of the United States for taxes warrants the conclusion that the questioned instrument filed with the referee May 23, 1951, is not an entirely new, different, separate and distinct claim of the United States, the filing or consideration of which is interdicted or barred by Section 57, sub. n, of the Bankruptcy Act.

Accordingly, the order of the District Court, from which this appeal was taken, is affirmed.

4. Internal Revenue Code, Title 26 U.S.C.A. § 1623; Treasury Regulations, 26 C.F.R. 405.301.