**In re Andrew George SOLARI, aka Andrew G. Solari, and Andrew Solari, dba Pioneer Take-Out 206, Debtor(s).**

**STATE OF CALIFORNIA BOARD OF EQUALIZATION, Appellant(s),**

**v.**

**Jack A. ULRICH, Trustee in Bankruptcy, Appellee(s).**

**BAP No. EC 85–1414–AsEV.**

**Bankruptcy No. F–83–00323–H–7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Jan. 23, 1986.

Decided July 10, 1986.

Margaret Elaine Garnand, Deputy Atty. Gen., Sacramento, Cal., for appellant.

Rolla L. Garretson, Jr., Blewett, Garretson & Hachman, Stockton, Cal., for Appellees.

Before ASHLAND, ELLIOTT, and VOLINN, Bankruptcy Judges.

AMENDED OPINION

ASHLAND, Bankruptcy Judge:

The State of California appeals a decision disallowing as late filed a claim for sales and use taxes. We affirm.

## STATEMENT OF FACTS

The debtor filed a Chapter 7 bankruptcy on March 2, 1982. Thereafter, the court set a date for the meeting of creditors under Bankruptcy Code § 341(a) and set a date for filing proofs of claim as October 28, 1982.

On September 13, 1982 the State of California Employment Development Department filed a claim for payroll taxes for $831.62. This claim was assigned number 12. On May 23, 1983 the State filed a first amended claim for $5,882.36 that included a claim of the California Board of Equalization for sales and use taxes in the amount of $4,750.74. The amendment was assigned number 15. The debtor did business as Pioneer Take-Out Chicken and scheduled both liabilities. The taxes are for the tax years 1981 and 1982.

The trustee objected to claim number 15 contending that because it was filed after the last date for filing proofs of claim the claim was untimely. The bankruptcy court sustained the objection. It concluded that, because the original claim was for a payroll tax, the amendment which included sales and use taxes was an impermissible new claim.

## ISSUE

Whether the first amended claim filed by the State Board of Equalization is a valid amendment of the claim timely filed by the Employment Development Department or whether it was a claim filed untimely by another agency of the State for a different type of tax.

## STANDARD OF REVIEW

We review the bankruptcy judge's decision denying amendment of a proof of claim as a question of law, which we review *de novo*. *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 815 (9th Cir. 1985); *Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1377 (9th Cir.1985).

## DISCUSSION

In *Menick v. Hoffman*, 205 F.2d 365 (9th Cir.1953), the United States timely filed a claim for withholding taxes and federal insurance contributions due from the bankrupt as an employer for the first quarter of 1950. Over six months after the last date to file claims the United States filed as an "Amended additional claim" a claim for income taxes due from the bankrupt and his wife for the tax years 1944, 1945, and 1946.

The Ninth Circuit held that "Not only does the caption or description of the questioned claim connote that it is a supplemental entity, ... but the text of each of the two verified statements of indebtedness expressly shows a conjoint and correlative nature of the debt to be internal revenue taxes due to the United States." *Menick* at 368. The questioned claim contained a statement of additional items amplifying a species of tax relationship that was asserted to exist between the bankrupt and the United States. The court stated that both claims indicated "the debt to be internal revenue taxes to the United States," and that "withholding taxes are income taxes which the employer must deduct from the wages of employees and for the payment of which the employer is liable to the Government," and that both taxes "are demands of the same generic origin." *Id.* at 368.

The *Menick* decision should not be extended beyond its facts to those in the present case. In *Menick* the amount asserted in the late amended claim was of the same generic origin. The Internal Revenue Service asserted the timely claim and the late claim. Here, the timely claim was for non-revenue contributions collected solely to fund unemployment compensation. The late claim encompassed sales and use taxes raised as revenue to finance state government.

The Director of the Employment Department of the State of California timely filed a claim for $831.62. The Director is an executive officer appointed by the Governor, with Senate approval. 60 Cal.Jur.3d 570. The Director is the administrator of funds collected under the Unemployment

Insurance Code. Contributions to the fund by employers are not for the purpose of raising revenue for the State of California, but are rather in the nature of a compelled insurance premium. *Wiltsee v. California Employment Commission*, 69 Cal.App.2d 120, 126, 158 P.2d 612 (1945).

The appellant is the State Board of Equalization of the State of California. The Board did not file its claim on time and seeks to ride the coattails of the Director of the Employment Department of the State of California. The Board is a constitutional agency, Art. 13 § 17 of the California Constitution. It consists of the State Controller and four members elected by the voters of California. The powers and duties of the Board are set forth in California Government Code § 15600 *et seq.* The State of California delegates to the Board the administration and enforcement of general sales and use taxes as well as cigarette taxes, alcoholic beverage taxes, and use fuel taxes. 56 Cal.Jur.3d 7.

In *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985), *aff'g* 31 B.R. 723 (Bankr.N.D.Ga.1983), the Internal Revenue Service sought to file, beyond the bar date, an amended proof of claim for corporate income taxes. The court approved the analysis of the lower court, based on Fed. R.Civ.Pro. 15 as applicable to the claim objection.

The analogy to Fed.R.Civ.Pro. 15 is useful. Under Rule 15(c), an amended pleading relates back to the date of the original pleading whenever the claim or defense asserted in the amendment raises out of the same conduct, transaction, or occurrence set forth in the original pleading. Although the Ninth Circuit has not explicitly adopted Fed.R.Civ.Pro. 15(c) as the standard governing the relation back of untimely amended proofs of claim, it has effectively done so. In *In re Westgate-California*, 621 F.2d 983 (9th Cir.1980), the court rejected untimely amended proofs of claim.

Without identifying the nature of the claims involved, the court simply stated that the amended proofs "cannot relate back to the date of the original proofs because the original claims did not give *fair notice of the conduct, transaction, or occurrence* that forms the basis of the claim asserted in the amendment." (Emphasis added.)

There is nothing in the timely filed claim for contributions to fund unemployment compensation that gives fair notice to the trustee that a different entity, the Board of Equalization, would be making a claim for sales and use taxes. The State Board's claim does not purport to cure a defect in the timely filed claim, nor does it describe the claim with greater particularity.

*Sun Basin Lumber v. United States*, 432 F.2d 48 (9th Cir.1970), *Franciscan Vineyards*, 597 F.2d 181 (9th Cir.1979), and *Sambo's Restaurants v. Wheeler*, 754 F.2d 811 (9th Cir.1985), illustrate the extent to which courts are willing to go to relieve a creditor of negligence in failing to file a timely claim. In each of those cases, however, the creditors who asserted a claim before the bar date also sought allowance of a late filed claim as an amendment to the earlier claim.

## CONCLUSION

The bankruptcy judge correctly concluded that the claim filed by the State Board of Equalization was a new claim in the guise of an amendment to the claim of the Employment Development Department.

Affirmed.