## In re MIDWEST TELEPRODUCTIONS CO., INC., Debtor.

### Bankruptcy No. 585–1099.

United States Bankruptcy Court, N.D. Ohio.

Feb. 4, 1987.

Joanne Rutkowski, Trial Atty., Tax Div., Washington, D.C., Patrick M. McLaughlin, U.S. Atty., Cleveland, Ohio, for I.R.S.

Jerome Leiken, Cleveland, Ohio, for debtor.

## FINDING AS TO OBJECTION TO CLAIM

H.F. WHITE, Bankruptcy Judge.

On September 18, 1986 Midwest Teleproductions, Inc. (herein "Midwest"), debtor and debtor in possession, filed an objection to the claim of the Internal Revenue Service (herein "IRS") filed June 4, 1986 for FUTA taxes as being filed after the bar date. A hearing was held on December 2, 1986, and the parties agreed to submit the matter to the court upon briefs and stipulations of facts. On December 18, 1986 Midwest filed its brief which contains a statement of facts to which the United States agreed in its brief submitted January 8, 1987.

The salient facts are as follows. On September 12, 1985 Midwest filed its chapter 11 petition, and by an order entered September 19, 1985, the court set a bar date of January 22, 1986 for filing proofs of claim. On January 2, 1986 the IRS filed an unsecured priority claim in the total sum of $8,878.06 including a penalty of $1,282.53, for withholding and FICA taxes for the first and third quarters of 1984, and for withholding and FICA taxes for the first and third quarters of 1985, with interest. The proof of claim states at item four that "[t]he ground of liability is taxes due under the internal revenue laws of the United States."

On June 4, 1986 and after the claims bar date, the IRS filed an unsecured priority claim in the total sum of $6,701.49 including a penalty of $923.10, for FUTA taxes for 1982 ($3,947.87) and 1983 ($193.46), with interest. The proof of claim states that it is "Supplemental # 1 to Proof of Claim filed 1–2–86", and contains the same language at item four. Midwest listed the IRS in its schedules as a priority creditor with a withholding tax claim of $3,963.64 for 1985, and a FUTA tax claim of $2,203.08 for 1985; Midwest filed its schedules on October 15, 1985.

The FUTA tax return (Form 940) for 1982 was due January 31, 1983 and was signed by Midwest on May 24, 1984. The agreed stipulations do not indicate when the tax returns were filed or received by the IRS. On January 6, 1986 the IRS issued a notice to Midwest of a proposed tax increase due to a discrepancy in Midwest's state report for the tax year ending December 31, 1982. *See* Exhibit D. An accurate determination of federal tax liability is not possible without a prior, accurate determination of state contribution liability. I.R.C. §§ 3301 and 3302 (West 1979 and 1986 Supp.). The notice apprised Midwest of the discrepancy and gave it ninety days to assent to, or change, the corrected sums; the increased tax liability was estimated to be $3,947.87. This tax was actually assessed on May 19, 1986. *See* IRS proof of claim filed June 4, 1986.

On October 30, 1985 the IRS issued another notice to Midwest of a proposed tax increase due to a discrepancy in Midwest's state report for the tax year ending December 31, 1983. *See* Exhibit E. The notice apprised Midwest of the discrepancy and gave it ninety days to assent to, or change, the corrected sums; the increased tax liability was estimated to be $193.46. This tax was actually assessed on March 24, 1986. *See* IRS proof of claim filed June 4, 1986. The FUTA tax liabilities were assessed approximately one to two and one-half months before the supplemental claim was filed.

The issue presented is whether the supplemental claim of the IRS for FUTA tax liability filed after the claims bar date should be allowed as an amendment to the timely-filed IRS claim for FICA and with-

holding tax liability. The issue is not a new one, and two lines of authority have emerged. *See In re Overly-Hautz Co.,* 57 B.R. 932, 936 (Bankr.N.D.Ohio 1986) which cites *Menick v. Hoffman,* 205 F.2d 365 (9th Cir.1953) and *In re Emerald Green Corp.,* 2 B.C.D. (CRR) 938 (Bankr.E.D.N.Y.1976) for the liberal view, and *United States v. International Horizons, Inc. (In re International Horizons, Inc.,* 751 F.2d 1213 (11th Cir.1985) for the conservative view.

In allowing the amended proof of claim for corporate income tax filed one day after the bar date, and preceded by two claims for withholding tax and social security tax, the court in *Emerald Green* placed reliance upon the prior tax claims as being of the "same genre" as the amended claim, and falling "within the matrix of an indebtedness" due the federal government in "their revenue collection function." 2 B.C.D. (CRR) at 939. *See also, Menick,* 205 F.2d 365. Earlier courts have analyzed the allowability of a late-filed claim as an amended claim under Rule 715 of the former Rules of Bankruptcy Procedure which incorporated Rule 15 of the Federal Rules of Civil Procedure. The test applied was whether the claim arose out of the same conduct, transaction or occurrence set forth in the prior, timely-filed claims. *See International Horizons,* 751 F.2d at 1215. Bankruptcy Rule 715 is no longer applicable.

This court adopts the liberal view, and concludes that based upon the unique facts of this case, and after balancing the equities as enumerated in *In re Miss Glamour Coat Co.,* 80–2 U.S.T.C. ¶ 9737 (S.D.N.Y. Oct. 8, 1980) [Available on WESTLAW, DCTU database], the supplemental claim of the IRS for FUTA tax liability is allowable as an amendment to the prior, timely-filed claim. Not only is FUTA tax part of the same genre of liability due the federal government in its "revenue collection function," but it is of the same *specific* genre as the prior tax claim filed by the IRS for withholding tax and FICA tax, namely, payroll taxes. The standard proof of claim

form utilized by the IRS states that the basis of liability is taxes due under the internal revenue laws. Standing alone, this is certainly insufficient to permit the free-wheeling, belated filing of tax claims under the guise of amendments. *International Horizons,* 751 F.2d at 1216–1217.

However, this court as a court of equity is guided by equitable principles, *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), and amendments are freely allowed if the circumstances warrant. *Szatkowski v. Meade Tool & Die Co.,* 164 F.2d 228, 230 (6th Cir.1947). The inability of the IRS to determine and assess FUTA liability was based upon the debtor's own failure to timely file the required Form 940 for the tax years in question. Midwest did not prepare Form 940 for its 1982 tax year until sixteen months after it was due, and Form 940 for its 1983 tax year was prepared four months after its due date. Although both notices of proposed increase in FUTA taxes were issued by the IRS before the claims bar date, Midwest had ninety days within which to respond or correct the recalculated liability which ninetieth day was beyond the bar date. The FUTA taxes were not assessed until after the bar date. This is not an open invitation to the IRS to sleep on its rights; it could have filed an estimated proof of claim. But the equitable principles of clean hands guide the court and caution the court to pause before awarding the relief requested by Midwest. To a significant extent the lateness of the IRS' filing of the claim was due to the delay of the debtor in preparing the informational returns.

In applying the equitable factors suggested in *Miss Glamour Coat,* the court finds the balance tips in favor of allowing the amendment. In the instant case the debtor was on notice and could reasonably infer that the IRS would be filing proofs of claim for delinquent FUTA taxes. Midwest had scheduled its 1985

FUTA taxes and had been preparing its Form 940 returns before the bar date. The court further finds that no party will be receiving a windfall if the amended claim is allowed or disallowed as the liability on the claim is not substantial when compared to the overall assets and liabilities of the estate. On its amended summary of debts and property filed December 12, 1985, Midwest shows scheduled debts of $561,113.51 and scheduled assets of $500,422.32.

Unlike the *Overly-Hautz* case where the debtor relied on the claims filed and sold various assets, and where the claimant withdrew its prior claim, in the instant case the debtor has not pleaded or shown reliance upon the claims filed before the claims bar date. Its chapter 11 petition was filed sixteen months ago, but Midwest has not yet filed a disclosure statement and plan. The *Overly-Hautz* case is further distinguishable on its facts as that claimant had been aware of the tax liability before the petition was filed by reason of reporting forms filed before the petition was filed, and the liability of the original, timely-filed, but withdrawn, claim was not of the same genre as the supplemental claim. In that case the debtor was misled and had no reason to expect that an unrelated, supplemental claim would be filed. In the instant case, the tax liabilities are of the same genre, and it was the debtor's own delay which contributed to the late filing of the supplemental claim.

Although it is difficult for this court to find justification for the failure of the IRS to request an extension of the bar date, or to file a separate estimated claim for FUTA tax liability before the expiration of the bar date, this solitary factor does not tip the balance in favor of the debtor. The claimant is, however, cautioned that this court's decision is limited to its specific facts, and the IRS should not interpret this decision as a license to sleep on its rights. Equity aids the vigilant.

A separate order in accordance with this Finding shall be entered hereon.