**In re MAJOR MUD & CHEMICAL CO., INC., Debtor.**

**MAJOR MUD & CHEMICAL CO., INC., Robert P. Brenham, Trustee, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 483–01235–LO–7. Adv. No. 486–0046.**

United States Bankruptcy Court, W.D. Louisiana, Lafayette–Opelousas Division.

Jan. 8, 1988.

Robert Brenham, Lafayette, La., Trustee, for debtor.

Paul Predmore, Washington, D.C., and Larry Moon, for U.S.A.

## OPINION

W. DONALD BOE, Jr., Bankruptcy Judge.

This matter came on for hearing on motion for summary judgment by the debtor-plaintiff, Major Mud & Chemical Co., Inc. asking this Court to bar a proof of claim by the Internal Revenue Service as untimely. The Service maintains that the claim was an allowable amendment to a timely filed claim, or alternatively that there is a fact question which precludes summary judgment.

1. Bankruptcy Rule 3002(c) provides a bar date 90 days after the first date set for the meeting of creditors. The meeting of creditors was noticed for March 12, 1984, and the bar date was July 5, 1984.

2. The memoranda and affidavits did not mention the proofs of claims filed by the debtor on behalf of the IRS or the proof of claim of September 1984 filed by the IRS. At the hearing, however, counsel for IRS enlightened the

For the reasons which follow, the motion for summary judgment is GRANTED IN PART and DENIED IN PART.

In August 1984, after the bar date for filing a proof of claim,[1] the debtor filed two proofs of claim on behalf of the Internal Revenue Service for 1982 employment taxes (withholding, FICA, and FUTA). *See* 11 U.S.C. sec. 501(c) and Bankr.Rule 3004.

In September 1984 the Internal Revenue Service filed a proof of claim for employment taxes. The debtor has not disputed the timeliness of this claim.[2]

The proof of claim that is the subject of this motion was filed in February 1986 to recover a deficiency in income taxes. The deficiency became evident from a February 1985 auditor's report on the debtor's income tax returns for fiscal years ended January 31, 1978, 1979, 1980, 1981, and 1982. Refunds for those tax years had been paid by the Service. Based on the audit, IRS believes that refunds should not have been paid. It seeks in excess of $1,000,000 in income taxes (including prepetition interest) for the five fiscal years.

Since the claim was filed beyond the bar date, this Court's ruling on the timeliness of the claim depends on whether the February 1986 claim relates back as an amendment to a timely filed claim or whether it is an entirely new claim.

The proper standard for determining whether to permit the claim as an amendment is derived from Federal Rules of Civil Procedure, Rule 15, governing amendment of pleadings. *See In re Simms*, 40 B.R. 186, 188 (Bankr.N.D.Ga.1984), *citing Carnegia v. Georgia Higher Education Assistance Corp.*, 691 F.2d 482, 483 (11th Cir. 1982) (per curiam); and *In re Miss Glamour Coat Co., Inc.*, 80–2 U.S. Tax Cas. para. 9737 (S.D.N.Y.1980).

Court about these claims and counsel for the debtor stipulated that they were filed and that the debtor had no objection to these claims. *See* transcript, pages 17–18, 20–22, and 35–37. The Court takes judicial notice of the claims. *See Rovzar v. Chemical Sales and Service Co. (In re Saco Local Development Corp.)*, 30 B.R. 862, 864–65 (Bankr.D.Me.1983). The timely filing of these claims is not an issue of fact that precludes summary judgment.

According to the Rule 15 standard, the timely filed claim must identify the "conduct, transaction, or occurrence" from which the second claim arises. Fed.R.Civ. Proc. Rule 15(c). Courts freely allow amendment to bankruptcy claims,

> when the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim. * * * [citations omitted] Still, the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment.

*U.S.A. v. Int'l Horizons, Inc. (In re Int'l Horizons),* 751 F.2d 1213, 1216, 12 C.B.C.2d 91, 12 B.C.D. 1022 (11th Cir.1985). *See also First Nat'l Bank of Mobile v. Everhart (In re Commonwealth Corp.),* 617 F.2d 415, 420, 6 B.C.D. 812 (5th Cir.1980).

In applying this standard to amended claims by IRS, the courts have reached varying results in similar cases. For example, a claim for a 100% penalty assessment following a timely filed claim for personal income taxes has been held a proper amendment in one case and an entirely new claim in another case. *See In re Saxe,* 14 B.R. 161, 164 (Bankr.S.D.N.Y.1981) (the 100% penalty for corporation's failure to pay withholding and FICA taxes is a *personal* liability of the individual officer and is of the same generic origin as the personal income tax liability); and *Simms,* 40 B.R. at 190 (claim for individual income taxes evinces no intent to hold estate liable for penalty for corporation's nonpayment of federal employment and withholding taxes). Additionally, treating a late filed claim for income taxes for different years than were asserted in a timely filed claim, courts have held both that claim related back as an amendment, and that the claim should not relate back. *Simms,* 40 B.R. at 190 (claim should relate back); and *In re Butcher,* 74 B.R. 211, 16 B.C.D. 47, 50–52

(Bankr.E.D.Tn.1987) (claim should not relate back).

Courts have also differed on whether a claim for income taxes is a proper amendment to a claim for employment taxes. *Menick v. Hoffman,* 205 F.2d 365 (9th Cir. 1953) (amendment for personal income taxes is of the same generic origin as claim for FICA and withholding taxes); and *Int'l Horizons,* 751 F.2d at 1217 (amendment claiming corporate income taxes does not relate to a claim for withholding and FUTA taxes). This determination is before the Court in the instant case, because the timely claim was for employment taxes, and the late claim for income taxes.

*Int'l Horizons,* an Eleventh Circuit case, distinguishes *Hoffman* in that Hoffman was an individual debtor rather than a corporation. Limiting *Hoffman,* the Eleventh Circuit notes that "the withholding taxes as to the bankrupt's business [in *Hoffman* ] had a dual identity of being also income taxes as to the bankrupt individually." *Int'l Horizons,* 751 F.2d at 1217. The case at bar involves a corporate debtor, as in *Int'l Horizons.* Further, the corporate income taxes in the case at bar do not "evolve from" withholding, FICA, or FUTA taxes, as was the case in *Hoffman. See* the Bankruptcy Court decision's discussion of *Hoffman* in *In re Int'l Horizons, Inc.,* 31 B.R. 723, 726, 8 C.B.C.2d 937, 10 B.C.D. 895 (Bankr.N.D.Ga.1983). Therefore this Court will follow *Int'l Horizons* rather than *Hoffman,* and disallow amendment of the employment tax claim with an income tax claim.

The same result is reached under the Federal Rule 15 analysis and the Fifth Circuit authority of *Commonwealth,* 617 F.2d 415. Amendment is not allowed if the timely claim does not sufficiently identify the "conduct, transaction, or occurrence" from which the untimely claim arose. In this case the late claim is for corporate income taxes and is based on the taxpayer's gross income (loss) for five tax years.[3] The earlier claim is for employment taxes

---

**3.** The Court must regard the true character of the claim as one for income tax liability for five years rather than as a claim for erroneous refund of a tax. We believe this is consistent with the Fifth Circuit's careful scrutiny of the character of the claim in *Commonwealth,* 617 F.2d at 421–27, and with the Bankruptcy Code, *e.g.* sec. 507(c).

and as such is based on the taxpayer's conduct as an employer. *See* 26 U.S.C. secs. 3111, 3301, 3402, and 3403. In filing the claim for employment taxes, IRS exhibited no intent to hold the estate liable for income taxes. Nor does the income tax claim describe "with greater particularity" the claim for employment taxes. The claim for income taxes is an entirely new claim, based on different conduct and a different set of facts than was the employment tax claim. *See generally Commonwealth,* 617 F.2d at 420.

*Miss Glamour Coat* suggests five "equitable considerations" in determining allowance of an amendment to claim:

(1) whether the debtor and its creditors relied upon the IRS' earlier proofs of claim or whether they had reason to know that subsequent proofs of claims would follow pending completion of an audit;

(2) whether other creditors would receive a windfall to which they are not entitled on the merits by the court not allowing the amendment to the IRS' proof of claim;

(3) whether the IRS intentionally or negligently delayed in filing the proof of claim stating the amount of corporate taxes due;

(4) the justification, if any, for the failure of the IRS to file for a timely extension for the submission of further proofs of claim pending the audit; and

(5) other consideration necessary to assure a just and equitable result.

Examination of the *Miss Glamour Coat* criteria also weights the scale against allowing amendment.

While the debtor and its creditors may have known that IRS was auditing some of the debtor's income tax returns, the Service did not file the claim until a full year after the completion of the audit and about twenty months after the bar date for filing claims. Considering the lengthy delay by IRS and its unexplained failure to file for an extension pending audit, the Court holds that reliance on the IRS' earlier proof of claim by the debtor and creditors would have been reasonable and that they could not have expected a subsequent claim so late.

As a result of disallowing the amended claim, creditors will benefit from a more than $1,000,000 decrease in priority tax claims against the debtor. Given the Service's dilatory actions, however, creditors will not receive a windfall to which they are not entitled.

IRS offers no excuses or justification for the delay in filing the proof of claim or for its negligence in not timely requesting an extension. These final *Miss Glamour Coat* factors also weigh in favor of the debtor on its motion for summary judgment. *See Int'l Horizons,* 751 F.2d at 1216 and 1218; *Butcher,* 74 B.R. 211, 16 B.C.D. at 47 and 52. "Equity aids the vigilant." *In re Midwest Teleproductions Co.,* 69 B.R. 675, 678 (Bankr.N.D.Ohio 1987).

The Internal Revenue Service's argument that a material issue of fact may exist concerning the "equity factors" suggested by *Miss Glamour Coat* is unpersuasive. When the plaintiff's motion for summary judgment is, as here, supported by affidavits and admissions, the adverse party may not "rest upon mere allegations" to refute the motion:

his [the adverse party's] response, by affidavit or as otherwise provided in this rule [*i.e.,* by depositions, answers to interrogatories and admissions] *must* set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment if appropriate, *shall be* entered against him.

Fed. Rules of Civ. Proc., Rule 56(e) (emphasis added), applicable hereto by Bankr. Rule 7056. To defeat debtor's motion for summary judgment, IRS was obliged to raise any material issues of fact specifically, and it has not done so. In this case summary judgment is appropriate.

Although the late filed claim for income taxes will not be allowed as an amendment to the earlier claim, it should nevertheless be allowed as a tardily filed claim under Bankruptcy Code section 726(a). Accordingly, the motion for summary judgment is denied insofar as it seeks complete disallowance of the claim.

**416**

Accordingly,

IT IS ORDERED that the motion for summary judgment by Major Mud & Chemical Co., Inc. be and the same is hereby GRANTED IN PART, in that the claim for income taxes by the United States of America was not timely filed, and DENIED IN PART, inasmuch as the motion seeks to disallow the claim completely.