**In re Mary Leasure UNROE, Debtor.**

**Bankruptcy No. IP86–4221WP V.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Jan. 23, 1989.

Judith E. Seubert, UAW Legal Services Plan, Indianapolis, Ind., Lynn M. Butcher, UAW Legal Services Plan, Anderson, Ind., for debtor.

Jeffrey L. Hunter, Asst. U.S. Atty., Indianapolis, Ind., for IRS.

Robert A. Brothers, Indianapolis, Ind., Chapter 13 Trustee.

Kevin B. McCarthy, Indianapolis, Ind., U.S. Trustee.

ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM OF IRS AND APPROVING TRUSTEE'S CLAIM APPLICATION

RICHARD W. VANDIVIER,
Bankruptcy Judge.

This matter comes before the Court on the Debtor's Objection to Claim of IRS and

to Trustee's Claim Application filed by the Debtor on July 6, 1987. The Court now overrules the Debtor's objection and approves and Trustee's claim application for the reasons below:

1. On July 18, 1986, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code and on August 19, 1986, she filed her plan. Her schedules listed a $15,000.00 priority debt to the United States Internal Revenue Service ("IRS") for 1982 and 1983 income tax liability. Her plan classified as a priority claim her 1983 tax liability and provided for full payment of allowed claims of that class. She classified as general unsecured claims her tax liability for 1982 and all income tax interest and penalty claim, and provided for pro rata payment of general unsecured claims.

2. On September 25, 1986, the IRS filed a proof of claim for 1982 income taxes. The IRS made priority claims of $105.58 for taxes and $3,475.25 for interest, and a general unsecured claim of $3,969.42 for penalties.

3. The bar date for filing claims was January 6, 1987. The IRS did not file additional claims nor did it seek an extension of time to file additional claims before the bar date passed. On March 12, 1987, the IRS filed what it styled an "amendment" to its proof of claim, in which it added priority claims for 1985 income taxes and interest, for $2,493.00 and $870.96, respectively. A second amendment was filed January 20, 1988, changing the claim for 1985 taxes to 1983 taxes and making other changes immaterial to the issues before the Court. According to this amendment, the 1983 taxes were assessed on October 20, 1986, over two months before the bar date.

4. On April 30, 1987, the Debtor's plan was confirmed without objection.

5. On June 8, 1987, the trustee filed his claims application, requesting that the claim of the IRS be allowed, with the correction of 1985 to 1983.

6. On July 6, 1987, the Debtor filed an application to amend her plan, changing the amount of the monthly payments and reclassifying the IRS's claim for 1982 income tax from a general unsecured claim to a priority claim. The Debtor's Objection to Claim of IRS and to Trustee's Claim Application, also filed July 6, 1987, objected that (1) the Debtor owed no taxes for 1985, (2) the IRS's claim treated prepetition interest on the 1982 tax claim as a priority claim, (3) the trustee's application would treat such prepetition interest as a priority claim, and (4) the trustee's application would allow the IRS's claim for 1985 taxes to be treated as a claim for 1983 taxes. The Debtor requested (1) that the claim of the IRS for any tax, interest for penalty for 1985 be disallowed, (2) that the IRS's claim for prepetition interest on 1982 taxes be treated as a general unsecured claim, (3) that the trustee's application be amended to allow payment for interest on the 1982 taxes as a general unsecured claim and to make no allowance for payment to the IRS of claims for which it had not filed a proof of claim. The IRS has not pressed its claim for priority status for interest on 1982 taxes.

7. In a Chapter 13 case, a creditor must file a proof of claim within 90 days after the first date set for the first meeting of creditors. Bankruptcy Rule 3002(c). The United States may, however, move for an extension of time before this time expires, which the court may grant for cause shown. Rule 3002(c)(1). The IRS did not move for an extension of time and its two amended proofs of claim were filed after the bar date. The IRS offers no reason for not making a timely claim for the 1983 taxes or for not filing for an extension of time to file such a claim.

8. Although the amendments were not filed within the filing period, the claims they add would be considered timely filed if the amendments relate back to the original timely filed proof of claim. Courts addressing this issue turn to Rule 15(c) of the Federal Rules of Civil Procedure, which governs relation back of amendments to pleadings in civil cases. *See e.g. In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985). Rule 15(c) provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original

pleading, the amendment relates back to the date of the original pleading." The bankruptcy court is guided by principles of equity, and in a bankruptcy case,

> amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.... Still, the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment....

*International Horizons*, 751 F.2d at 1216–17 (citations omitted).

9. Courts also turn to the seminal case of *In re Miss Glamour Coat Co.*, 80–2 U.S.Tax Cas. para. 9737, 46 AFTR 2d 80–6083 (S.D.N.Y.1980), which sets forth the following equitable considerations relevant to applying Rule 15(c):

1. Whether the debtor and creditors relied on the IRS's earlier proof of claim or had reason to expect a subsequent proof of claim would follow pending completion of an audit,

2. Whether other creditors would receive a windfall to which they are not entitled on the merits if the court disallows the amendment;

3. Whether the IRS intentionally or negligently delayed in filing the amendment,

4. Whether the IRS was justified in not seeking an extension of time to file a later proof of claim after an audit, and

5. Any other considerations that should be taken into account in reaching a just and equitable result.

46 AFTR 2d at 80–6086.

9. Courts applying Rule 15(c) and the *Glamour Coat* guidelines have differed on whether a late filed amendment relates back to the timely filed proof of claim. Cases refusing to allow relation back include *In re International Horizons*, 751 F.2d at 1217 (claim for corporate income tax did not relate back to claims for withholding and FUTA taxes for same and different years), *United States v. Owens*, 84

B.R. 361, 363–64 (E.D.Pa.1988) (claim for 1981 income tax did not relate back to claim for 1983 income tax), *In re Hudson Oil Company*, 91 B.R. 932, 947 (Bankr.D. Kan.1988) (claim for late-filing penalty did not relate back to claim for underlying income tax), *In re Miller*, 90 B.R. 317, 323 (Bankr.E.D.Tenn.1988) (claim for 100% penalty did not relate back to claim for personal income tax for a different year), *In re Major Mud & Chemical Co.*, 81 B.R. 412, 415 (Bankr.W.D.La.1988) (claim for income tax for same and other years did not relate back to claim for employment taxes), and *In re Butcher*, 74 B.R. 211, 217 (Bankr.E. D.Tenn.1987) (claim for income tax did not relate back to claims for income taxes for different years and FICA taxes for same and different years). Cases allowing relation back include an older circuit court case under the Act, *Menick v. Hoffman*, 205 F.2d 365, 368 (9th Cir.1953) (claim for income tax related back to claim for withholding tax for a different year), and the more recent cases *In re Midwest Teleproductions Co.*, 69 B.R. 675, 678 (Bankr.N.D. Ohio 1987) (claim for FUTA taxes related back to claim for withholding and FICA taxes for different years), *In re Johnson*, 55 B.R. 800, 806 (Bankr.E.D.Va.1985) (claim for income tax related back to claim for income tax for different years), *In re Simms*, 40 B.R. 186, 190 (Bankr.N.D.Ga. 1984) (claim for income tax related back to claim for income tax for other years (but claim for 100% penalty did not)), and *In re Saxe*, 14 B.R. 161, 164 (Bankr.S.D.N.Y. 1981) (claim for 100% penalty tax related back to claim for income tax for different year). Generalizations are difficult because not only the type and date of the taxes, but also the equities of the cases vary widely. *Compare e.g. International Horizons*, 751 F.2d at 1215, 1218–19 (government knew of its untimely filed claim prior to the bankruptcy, did not take advantage of multiple opportunities to timely assert claim, asserted claim that would add over $20,000,000.00 to timely filed claim of $70,000.00, did not object to plan which would be unviable if additional tax claim were added, and conceded that it was negligent and did not follow regula-

tions in failing to request extension of time) *with In re Saxe*, 14 B.R. at 163, 165 (IRS was justified in not asserting 100% penalty earlier because it believed corporation primarily liable had assets to pay its outstanding taxes, IRS filed amended claim shortly after determining corporation could not pay, and neither debtor nor other creditors relied on earlier filed claim).

10. Applying the *Glamour Coat* guidelines to the case before it, the Court finds:

a. The Debtor did not rely on the original proof of claim, because she listed both 1982 and 1983 taxes on her schedules, and her original plan, filed before the bar date, contemplated paying in full 1983 income taxes as a priority claim. The Debtor would therefore have reason to expect a subsequent proof of claim might be filed for the 1983 taxes. The additional claim is for taxes of the same type (personal income tax) as those timely claimed and for the year immediately following those timely claimed. The additional tax claim does not increase the total tax claim above the amount listed on her schedules, nor does it appear to increase her priority debts to the point that she could not effectuate a plan. There is no indication that any other creditors relied on the claim as originally filed.

b. Unsecured creditors would get something of a windfall, though not an unconscionably large one, if the amendment does not relate back because the money which would go to pay the 1983 taxes would be available for pro rate distribution to unsecured creditors.

c. The IRS offers no justification for not filing its claim for 1983 taxes in a timely fashion.

d. The IRS offers no justification for not filing for an extension of time in which to file its claim for 1983 taxes.

e. Not allowing the amendment to relate back would deprive the United States of several thousand dollars to which it would otherwise be entitled.

The Court finds that the equities tip in favor of allowing the amendment to relate back, based primarily on the fact that the claim 1983 income taxes is closely related to the claim for 1982 income taxes and could have been, and apparently was, expected by the Debtor. Although the failure of the IRS to timely file a claim for 1983 taxes or a motion for an extension of time was unjustified,

> this solitary factor does not tip the balance in favor of the debtor. The claimant is, however, cautioned that this court's decision is limited to its specific facts, and the IRS should not interpret this decision as a license to sleep on its rights. Equity aids the vigilant.

*Midwest Teleproductions*, 69 B.R. at 678.

The Court therefore OVERRULES the Debtor's Objection to Claim of IRS and APPROVES the Trustee's Claim Application.

SO ORDERED.