119 B.R. 626 (1990)
In re Mary Leasure UNROE, Appellant,
v.
UNITED STATES of America By and Through its DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, Appellee.
In re Mary Leasure UNROE, Debtor.
No. IP 89-522-C, Bankruptcy No. IP 86-4221 WP V.
United States District Court, S.D. Indiana, Indianapolis Division.
February 2, 1990.
Judith E. Seubert, Indianapolis, Ind., and Lynn M. Butcher, UAW Legal Services Plan, Anderson, Ind., for debtor.
Deborah J. Daniels, U.S. Atty., Indianapolis, Ind., for appellee.
STECKLER, District Judge.
This matter is before the Court on appellant Mary Leasure Unroe's ("Debtor") appeal from the order of the United States Bankruptcy Court for the Southern District of Indiana which held as timely filed the Internal Revenue Service's ("IRS") amended proof of claim for individual federal income taxes for the year 1983. 104 B.R. 77.
On July 18, 1986, the debtor petitioned for bankruptcy under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 1301 et seq. The schedules filed with her petition listed a debt of $15,000 owing to the United States for federal income taxes for the years 1982 and 1983. On August 19, 1986, the debtor filed her plan which classified as a priority claim her 1983 tax liability and provided for full payment of allowed claims of that class. She classified as a general unsecured claim her tax liability for 1982 and provided for pro rata payment of such.
*627 The bankruptcy court set January 6, 1987, as the bar date for filing proofs of claim. On September 25, 1986, the IRS filed a proof of claim, for 1982 income taxes. The IRS made priority claims of $105.58 for taxes and $3,475.25 for interest, and a general unsecured claim of $3,969.42 for penalties. The IRS did not file additional claims nor did it seek an extension of time to file additional claims until subsequent to the bar date.
On March 12, 1987, the IRS filed an "amended" proof of claim adding priority claims for 1985 income taxes and interest for $2,493.00 and $870.96 respectively. On January 20, 1988, the IRS filed a second "amended" proof of claim, changing the claim for 1985 taxes to 1983 taxes. According to the second amendment, the 1983 taxes were assessed on October 20, 1986, some two months before the bar date.
On April 30, 1987, the debtor's plan was confirmed without objection. Thereafter, on June 8, 1987, the trustee filed his claims application requesting that the amended claim of the IRS be treated as filed and that the portion of the claim for 1985 tax liability be treated as a claim for 1983 tax liability. The debtor objected, asserting that the claim for 1983 taxes had not been timely filed.
The bankruptcy court observed that the determination whether a supplemental claim for tax liability filed after the claims bar date should be allowed as an amendment to a timely-filed proof of claim is derived from Rule 15 of the Federal Rules of Civil Procedure which governs the relation back of amendments to pleadings in civil cases. In re Midwest Teleproductions Co., Inc., 69 B.R. 675, 677 (Bankr.N. D.Ohio 1987). The bankruptcy court further found that in applying Rule 15 courts balance the equitable considerations enumerated in In re Miss Glamour Coat Co., 80-2 U.S.Tax Cas. ¶ 9737, 46 AFTR 2d 80-6083 (S.D.N.Y.1980).[1]
Employing the equitable factors proposed in Miss Glamour Coat the bankruptcy court determined that the balance tipped in favor of permitting the amendment to relate back. This was so primarily due to the fact that the claim for 1983 income taxes was closely related to the claim for 1982 income taxes and had been listed on the debtor's schedules in her original plan, indicating she anticipated paying them in full as a priority claim. Thus, the bankruptcy court denied the debtor's objection and upheld the amended claim of the IRS for the 1983 tax liability. From this ruling, the debtor appeals.
When reviewing bankruptcy court decisions, this Court acts as an appellate court. Bankr.Rule 8013. Generally, the allowance or denial of an amended proof of claim is within the sound discretion of the bankruptcy court. In re AM International, Inc., 67 B.R. 79 (N.D.Ill.1986) In re Calisoff, 94 B.R. 1002 (Bankr.N.D.Ill.1988); In re Manville Forest Products Corp., 89 B.R. 358 (Bankr.S.D.N.Y.1988). This Court will disturb the bankruptcy court's decision in that regard only where there has been an abuse of discretion. In re International Horizons, Inc., 751 F.2d 1213 (11th Cir. 1985); AM International, supra. An abuse of discretion will be found only where the decision was based on an erroneous conclusion of law, where the record contains no evidence on which the judge could have based his decision, or where the supposed facts are clearly erroneous. Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 563 (7th Cir.1984).
*628 On appeal, the debtor maintains the bankruptcy court erred as a matter of law in finding it could extend the time within which the IRS could file its claim for 1983 income taxes. Specifically, the debtor argues the bankruptcy court's decision ignores the law of the Seventh Circuit regarding post-bar date filings of proof of claims as set forth in Wilkens v. Simon Brothers, Inc., 731 F.2d 462 (7th Cir.1984). This contention is without merit.
In Wilkens, the debtors filed a petition for relief under Chapter 13, listing Simon Brothers as an unsecured creditor on their schedules. The creditor attended all creditor's meetings, but did not file a formal proof of claim until one month after the bar date. The debtors moved to deny the claim, arguing that the late filing should not be permitted. The issue in that case, therefore, was whether an initial proof of claim filed after the bar date was permissible. Here, however, it is undisputed that the IRS timely filed its initial proof of claim. Rather, the issue here is whether the IRS should be allowed to file an amendment to its timely-filed proof of claim. Wilkens provides no assistance in answering this question.
The strict rules against late claims are relaxed when the creditor has filed a timely proof of claim and the question is whether an amendment should relate back. Generally, amendments to proofs of claim should in the absence of contrary equitable considerations or prejudice to the opposing party be freely permitted. International Horizons, 751 F.2d at 1216-17; United States v. Owens 84 B.R. 361, 363 (E.D.Pa. 1988). An amendment, however, should be closely scrutinized to ensure that it is genuine rather than the assertion of an entirely new claim. Id. Rule 15(c) provides that an amended claim relates back if it is based on the same conduct, transaction or occurrence as that set forth in the timely filed claim.
Although the issue before this Court is not a new one, it is one this circuit has never addressed. As reflected by the extensive citation of authority provided by the bankruptcy court below, other courts have split on the issue whether to permit an amendment to a timely-filed proof of claim.[2] The cases differ from district to district and the fact patterns are so diverse as to elude reconciliation. In resolving the issue, many courts consider the equities set forth in Miss Glamour Coat. See e.g., International Horizons, 751 F.2d at 1218-19; Owens, 84 B.R. at 364; Miller, 90 B.R. at 321; Midwest Teleproductions, 69 B.R. at 677-78. Contemplating the Miss Glamour Coat guidelines, the bankruptcy court determined that the IRS's claim for the 1983 income taxes was not an assertion of a new claim. This Court cannot conclude that the bankruptcy court abused its discretion in determining to permit the amended claim.
The debtor was on notice that the IRS would be filing proofs of claim for delinquent federal income taxes and in fact her Chapter 13 plan proposed to pay in full the 1983 tax liability as a priority claim. She later amended her plan to reclassify the 1982 taxes as a priority claim as well. Further, any creditors who read the schedules knew of the potential claim of the IRS for the past-due taxes. Additionally, the IRS's timely-filed proof of claim indicated an intent on behalf of the IRS to hold the debtor liable for overdue taxes. That claim clearly announced the nature and type of tax the IRS sought to collect: personal income taxes. Although the failure of the IRS to timely file a claim for 1983 income taxes or a motion for an extension of time was unjustified, the factors cited above lead this Court to conclude that the bankruptcy *629 court did not abuse its discretion in permitting the amendment.
Accordingly, by reason of the foregoing, the decision of the bankruptcy court is hereby AFFIRMED.
IT IS SO ORDERED.
NOTES
[1] Miss Glamour Coat suggests consideration of five factors in determining whether amendments to claims should be allowed:

(1) Whether the bankrupt and creditors relied upon the IRS' earlier proof of claim or whether they had reason to know that subsequent proofs of claim would follow pending the completion of the audit; (2) whether the other creditors would receive a windfall to which they are not entitled on the merits by the court not allowing this amendment to the IRS' proof of claim; (3) whether the IRS intentionally or negligently delayed in filing the proof of claim stating the amount of corporate taxes due; (4) the justification, if any, for the failure of the IRS to file for a time extension for the submission of further proofs of claim . . .; (5) whether or not there are any other considerations which should be taken into account in assuring a just and equitable result.
46 AFTR 2d at 80-6086 (citations omitted).
[2] See, e.g. International Horizons, 751 F.2d at 1217; Owens, 84 B.R. at 363-64; In re Hudson Oil Company, 91 B.R. 932, 947 (Bankr.D.Kan. 1988); In re Miller, 90 B.R. 317, 323 (Bankr.E.D. Tenn.1988); In re Major Mud & Chemical Co., 81 B.R. 412, 415 (Bankr.W.D.La.1988); In re Butcher, 74 B.R. 211, 217 (Bankr.E.D.Tenn. 1987) as cases refusing relation back, and Menick v. Hoffman, 205 F.2d 365, 368 (9th Cir.1953); Midwest Teleproductions, 69 B.R. at 678; In re Johnson, 55 B.R. 800, 806 (Bankr.E.D.Va.1985); In re Simms, 40 B.R. 186, 190 (Bankr.N.D.Ga. 1984); and In re Saxe, 14 B.R. 161, 164 (Bankr. S.D.N.Y.1981), cases permitting relation back.