**In re Clarence C. LELAND and Carol R. Leland.**

Bankruptcy No. 92–31102–A–13.

Mto. No. RD–2.

United States Bankruptcy Court, E.D. California.

Oct. 4, 1993.

Thomas Rohall, Sacramento, CA.

Richard Dangler, Sacramento, CA.

Curtis Berner, Buell & Berner, San Francisco, CA.

Larry Loheit, Trustee, Sacramento, CA.

## ORDER OVERRULING OBJECTION TO CLAIM

LOREN S. DAHL, Chief Judge.

The above-entitled objection to claim having been submitted for decision, and after consideration thereof, it is

ORDERED that the aforesaid objection be and the same is hereby overruled.

On May 26, 1993, the Internal Revenue Service (I.R.S.) filed a proof of claim with this court for priority taxes in the amount of $511,820.26. The proof of claim sets forth income taxes allegedly owed by the debtors for the years 1978 through 1983 and 1990. After the present objection was filed, the I.R.S. filed an amended proof of claim on August 9, 1993 in which it claims that the debtors owe priority income taxes in the amount of $243,857.78. The amended claim sets forth taxes which the I.R.S. claims the debtors owe for the years 1978 through 1987 and 1989.

The debtors object to the proof of claim on the following grounds: 1) the claims are barred by the statute of limitations; 2) the amount of taxes which are claimed has been miscalculated; 3) the taxes are not entitled to priority status; and, 4) the claim for income taxes for the additional years mentioned on the amended proof of claim should be disallowed because they constitute a new claim which was not timely filed.

*Statute of Limitations*

The debtors and the I.R.S. agree upon the following facts. Beginning in or about 1982 the debtors had invested in various limited partnerships which were formed by Walter J. Hoyt III who was the tax matters partner. At some point prior to August 12, 1985, Hoyt was the subject of a criminal tax investigation. As the tax matters partner, Hoyt executed several consents to extend the time to assess tax attributable to items of a partnership. Hoyt signed these consents from 1986 through 1993.

On August 9, 1992, the debtors entered into a closing agreement with the I.R.S. pursuant to 26 U.S.C. sec. 7121 which resolved their tax liabilities resulting from their investments in the Hoyt tax shelters for the tax years after 1982. A representative of the I.R.S. signed the closing agreement on November 11, 1992. The effect of the closing agreement is to give the I.R.S. one (1) year from the date the agreement is executed to assess the liabilities applicable to the agreement. The I.R.S. has filed a countermotion for relief from the automatic stay so that it can make the assessments by November 11, 1993.

The debtors argue that the statute of limitations for the assessment of the taxes has expired because the consents executed by the tax matters partner Hoyt were ineffective due to his pending criminal tax investigation. The debtors thus conclude that the closing agreement must be set aside based upon the failure of the I.R.S. to disclose to them that the statute of limitations had already expired and that Hoyt was the subject of a criminal investigation. This silence and failure to disclose, argue the debtors, is tantamount to fraud, malfeasance, or misrepresentation of a material fact by the I.R.S. and justifies this court's setting aside the closing agreement under 26 U.S.C. sec. 7121(b).

Based upon the plain meaning of the Internal Revenue Code and the regulations promulgated by the Department of Treasury, the debtors' argument is meritless.

26 U.S.C. sec. 6229(a) generally provides for a three year statute of limitations for assessment of taxes with respect to partnership items. The statute of limitations, however, may be extended by agreement between the I.R.S. and the tax matters partner. 26 U.S.C. sec. 6229(b)(1). The designation of a tax matters partner remains effective until the partnership items of the tax matters partner become nonpartnership items under 26 U.S.C. sec. 6231(c). Treas.Reg. sec. 301.-6231(a)(7)–1(1)(4). Any actions taken by the tax matters partner prior to the effective date of termination of the designation of partner as the tax matters partner remain valid. *Id.* at 301.6231(a)(7)–1(1)(5).

Finally, with respect to the criminal investigation of the tax matters partner, Treas.Reg. sec. 301.6231(c)–5T provides that,

[t]he treatment of items as partnership items with respect to a partner under

criminal investigation for violation of the internal revenue laws relating to income tax will interfere with the effective and efficient enforcement of the internal revenue laws. Accordingly, partnership items of such a partner ... shall be treated as nonpartnership items as of the date on which the partner is notified that he or she is the subject of a criminal investigation *and receives written notification from the Service that his or her partnership items shall be treated as nonpartnership items. The partnership items of a partner who is notified that he or she is the subject of a criminal investigation shall not be treated as nonpartnership items under this section unless and until such partner receives written notification from the Service of such treatment.* (emphasis added).

The written notification by the I.R.S. that partnership items are to be treated as non-partnership items in the context of a criminal investigation is a crucial element. *Chef's Choice Produce Ltd. v. Commissioner of Internal Revenue,* 95 T.C. 388, 1990 WL 143256 (1990).

Turning to the present facts the evidence shows that the I.R.S. never notified Hoyt that his partnership items would be treated as nonpartnership items. The debtors argument that Hoyt's partnership items became nonpartnership items as of the date his criminal investigation began is simply unsupported and ignores the entirety of the Treasury Regulation quoted above.

The court finds that because 26 U.S.C. sec. 6231(c)(3) explicitly leaves the promulgation of regulations to achieve the purposes of the subchapter as to cases which come within sec. 6231(c)(1), the regulations are given controlling weight. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984).

The tax claims are not barred by the statute of limitations. Accordingly, no grounds exist to set aside the closing agreement.

*Remaining Objections*

■ The debtors have not disputed in any of their supplemental pleadings the amount of the taxes set forth in the amended proof of claim filed by the I.R.S. The debtors thus have not set forth any evidence which would negate the prima facie effect of the validity and amount of the proof of claim. *See In re Holm,* 931 F.2d 620, 623 (9th Cir.1991).

■ The court agrees that the claims are entitled to priority status under 11 U.S.C. sec. 507(a)(7)(A)(iii). The statute of limitations has not expired and with permission from this court, the I.R.S. may still make the assessments. Finally, the court also agrees that within the Ninth Circuit, *Menick v. Hoffman,* 205 F.2d 365, 368 (9th Cir.1953) is still good law. The income taxes for additional years set forth in the amended proof of claim are of the same generic origin as the taxes set forth in the initial proof of claim. All of the taxes arise out of the debtors investments in the various Hoyt partnership tax shelters. The amended proof of claim amends the prior claim and is not the assertion of an entirely new claim.

The objections are overruled.

**IT IS SO ORDERED.**

### ORDER GRANTING MOTION

The above-entitled counter motion having been submitted for decision, and after consideration thereof, it is

**ORDERED** that the aforesaid motion be and the same is hereby granted.

■ Prepetition on August 9, 1992 and November 11, 1992, the Lelands and the Internal Revenue Service (I.R.S.), respectively, signed a closing agreement pursuant to 26 U.S.C. sec. 7121 which resolved the Lelands' income tax liabilities resulting from their investments in the Hoyt tax shelters. Such an agreement is final and conclusive absent a showing of fraud, malfeasance, or misrepresentation of material fact. 26 U.S.C. sec. 7121(b). According to 26 U.S.C. sec. 6229(f), the statute of limitations to assess such taxes covered by the closing agreement is one (1) year from the date the agreement is executed. Unlike the period of limitations found in 26 U.S.C. secs. 6501 and 6502, the period of limitations referred to in 26 U.S.C. sec. 6229(f) is not extended by the filing of bankruptcy. 26 U.S.C. sec. 6503(h).

Without this court's granting of stay relief in favor of the I.R.S., the closing agreement will be a nullity. This result would contravene the finality of closing agreements and would be contrary to the direct expression of Congress.

**IT IS SO ORDERED.**