**In re Morrison Jarrell SIMMS, Debtor.**

**Bankruptcy No. 81–02967A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 26, 1984.

G. Alfred Brunavs, Harrison, Kovacich & Naughton, Clarkston, Ga., for debtor.

Jere W. Morehead, Asst. U.S. Atty., Atlanta, Ga., for United States of America—Internal Revenue Service.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the objections by the debtor, Morrison Jarrell Simms ("Debtor"), to Claim No. 5 and Supplemental Claim No. 9 filed by the Internal Revenue Service ("IRS"). Following a hearing, this matter was taken under advisement.

On July 20, 1981, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 302(e), as in effect at that time, March 8, 1982 was set as a bar date for the filing of proofs of claims. On March 5, 1982, the IRS timely filed Claim No. 5 with respect to the Debtor's federal income tax liability for the years 1973, 1974 and 1976 in the amount of $12,739.62. Subsequent to the bar date, the IRS filed Supplemental Claim No. 9 on September 23, 1982 for the Debtor's federal income tax liability for the years 1977, 1979 and 1980 in the amount of $7,044.76. Thereafter, the IRS filed amendments to both claims. On October 18, 1982, Claim No. 5 was amended to claim as partially secured part of the Debtor's income tax liability for 1976. On October 20, 1982, Supplemental Claim No. 9 was amended to add a 100% penalty in the

amount of $20,467.88 assessed on May 8, 1975 for nonpayment of the federal employment and withholding taxes of Morrison J. Simms and Associates, Inc. Finally, on October 25, 1982, the IRS filed a third claim designated as Supplemental Claim No. 10 in the amount of $1,162.18 with respect to the Debtor's 1978 federal income tax liability.

The Debtor filed an objection to Claim No. 5 on April 26, 1983 and an objection to Supplemental Claim No. 9 on September 6, 1983. The dispute concerning Claim No. 5 has been resolved by stipulation of the parties. The IRS concedes that the Debtor's taxes for 1973, 1974, 1976 and 1977 should be treated as a general unsecured claim entitled to payment under the Debtor's Chapter 13 plan at the rate of 1%.[1] Moreover, the IRS admits that its October 18, 1982 amendment to Claim No. 5 did not fulfill the intended result of rendering as partially secured the Debtor's federal income tax liability for 1976.[2] The IRS makes this concession based on the fact that the Debtor had no assets against which the Notice of Federal Tax Lien could attach.

The Debtor does not contest the priority status of the IRS claim in the amount of $5,055.09, which represents the Debtor's federal income tax liability for the years 1978, 1979 and 1980, should the Court allow the untimely filing of Supplemental Claim No. 9 and Supplemental Claim No. 10. Therefore, the issues before the Court are as follows: (1) whether the IRS was entitled to amend its timely filed Claim No. 5 to assert claims against the Debtor's federal income tax liability for years post-dating 1976; (2) whether the IRS was entitled to amend Supplemental Claim No. 9 to assert the $20,467.88 penalty assessed on May 8,

1975; and (3) whether the IRS may collect a penalty assessed more than six years prior to the Debtor's filing his Chapter 13 petition. The Court will address these issues in seriatim.

 Before engaging in a discussion of the first two issues, the Court herewith sets forth the applicable legal standard governing the untimely claims/amendments filed by the IRS:

The Government, debtors and Bankruptcy Court all agree that under certain circumstances, courts have permitted amendments of timely-filed claims subsequent to a bar date. *See Carnegia v. Georgia Higher Education Assistance Corp.*, 691 F.2d 482 (11th Cir.1982) (per curiam); *Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584 (9th Cir. 1963). It is well recognized that, in bankruptcy proceedings, the proper standard for determining whether to permit such an amendment of a proof of claim is derived from Rule 15 of the Federal Rules of Civil Procedure. *Carnegia*, 691 F.2d at 483; *In re Miss Glamour Coat Co., Inc.*, 80–2 U.S.T.C. ¶ 9737 (S.D.N.Y. 1980). *Therefore, if the original pleading identifies or describes the conduct, transaction, or occurrence or the set of facts and circumstances out of which a particular claim arises, an amendment which merely states more specifically certain allegations with respect to the conduct, transaction or occurrence set forth in the original pleading may be deemed to relate back to the original pleading, even though a statute of limitations has expired in the interim.* [footnote omitted].

The Court agrees with the debtors that "in bankruptcy cases, a claim, to be

---

**1.** "The debtor's taxes for 1973, 1974, 1976 and 1977 were due on April 15, 1974, April 15, 1975, April 15, 1977, and April 15, 1978, respectively (the date federal income tax returns were due to be filed for these years), all more than three years prior to July 20, 1981. Thus, these liabilities are not entitled to priority under Section 507(a)(b)(A) [sic] and should be treated as a general unsecured non-priority claim provided for under the debtor's plan for payment on the

basis of $.01 per $1.00." IRS Brief filed October 19, 1983 ("IRS Brief") at p. 3.

**2.** "It should be noted that the amendment to Claim No. 5, designates part of the 1976 as a secured claim because a Notice of Federal Tax Lien had been filed with respect to that portion of the 1976 liability. It is clear that the debtor herein has no assets and thus, this claim is in reality 'unsecured'." IRS Brief at p. 3.

amended, must have informed the Court within the period for filing of claims, of the existence, nature, and amount of the claim, and the creditor, within that period, must have indicated his intent to hold the estate liable thereon." (cite omitted). *Cf. In re Westgate-California Corporation*, 621 F.2d 983 (9th Cir.1980). Courts have generally not permitted amendments when the amendment *"amount[s] to an attempts to file an entirely new claim after the time for filing claims has expired." In re Commonwealth Corp.*, 617 F.2d 415, 420 (5th Cir.1980) (chapter X proceeding). [footnote omitted]. An amendment which states a new claim based upon a different set of facts or circumstances will not be deemed to relate back to the original pleading—*e.g.*, the date of a timely filed proof of loss.

As stated above, the Government, debtors, and Bankruptcy Court all agree on the legal standard governing amendment of proofs of claim, the dispute is over the application of this standard to the facts of the instant case. [emphasis added].

*In re International Horizons, Inc.*, Civil No. C83–1567 (N.D.Ga., Nov. 18, 1983).

Resolution of the first two issues in the instant case turns upon an application of the above-quoted excerpt from Judge Evans' opinion in the *International Horizons* case in which Judge Evans affirmed the decision of this Court to reject certain untimely claims filed by the IRS. In short, the facts of *International Horizons* are as follows: The IRS timely filed proofs of claims asserting claims for withholding taxes and Federal Unemployment Tax Act ("FUTA") taxes. After the bar date, the IRS filed a new proof of claim in which the IRS reasserted its earlier claims for withholding and FUTA taxes and added a new claim for corporate income taxes plus interest and penalties. The debtor objected to the untimely proof of claim to the extent of the corporate income taxes. Because the claim for corporate income taxes was untimely filed, the Bankruptcy Court sustained the debtor's objection to the IRS claim for corporate income taxes, and the Bankruptcy Court decision was affirmed by the District Court.

As the above-quoted excerpt from *International Horizons* indicates, the IRS did not challenge the legal standard applied by the Bankruptcy and District Courts. Rather, the IRS disagreed with the application by those courts of the applicable standard to the facts of the case. The IRS argued that its untimely proofs of claims should be deemed amendments to the original, timely-filed proof of claim because all proofs of claims arose from the same debtor-creditor relationship between International Horizons and the IRS. In the case *sub judice*, the IRS raises precisely the same argument in furtherance of the contention that its untimely proofs of claims should be deemed an amendment to the original, timely-filed proof of claim and relate back thereto.[3] However, Judge Evans' opinion in *International Horizons* binds this Court to reject the argument that the "transaction" between the Debtor and the IRS encompasses the entirety of their debtor-creditor relationship. Because the District Court in *International Horizons* affirmed the decision of this Court to disallow the relation-back of an untimely-filed tax claim where the untimely proof of claim asserted a different type of tax liability than was stated in the timely-filed proof of claim, the same result must be reached herein.

## UNTIMELY CLAIM FOR FEDERAL INCOME TAXES

To restate the facts of the instant case, the IRS timely filed Claim No. 5 with respect to the Debtor's federal income tax liability for the years 1973, 1974 and 1976.

---

**3.** "The United States of America is aware of this Court's ruling in *In re International Horizons, Inc.,* now on appeal before the District Court for the Northern District of Georgia in Civil Action No. C83–1567A, and the decision in *United States of America v. Sayman's, Inc.,* Northern District of Georgia Civil Action No. C82–2589A entered on March 28, 1983, which adopted a [view contrary to the IRS position]. The United States of America asks this Court to reconsider its stated position and to recognize the late-filed claims discussed herein as amendments to Claim No. 5." IRS Brief at p. 7.

Untimely amendments thereto include Supplemental Claim No. 9 representing the Debtor's federal income tax liability for the years 1977, 1979 and 1980; and Supplemental Claim No. 10 representing the Debtor's federal income tax liability for 1978. The IRS has since conceded that the federal income tax claim for 1977 should be treated as a general, unsecured claim. The stipulated amount of the tax due for the years 1978, 1979 and 1980 (which includes tax and pre-petition interest) amounts to $5,055.09.

The question presented is whether, under the standard set forth in *International Horizons*, these latter claims for federal income taxes should relate back to the original, timely-filed claim for federal income taxes.

■ In other words, the Court must determine whether each untimely claim for federal income taxes constitutes "an amendment which merely states more specifically certain allegations with respect to the conduct, transaction or occurrence set forth in the original pleading" or, on the other hand, "states a new claim based upon a different set of facts or circumstances." *In re International Horizons, Inc., supra.* Although the untimely-filed Supplemental Claim No. 9 asserted federal income tax liability for different years than were asserted in the timely-filed Claim No. 5, the Court concludes that Supplemental Claim No. 9 should relate back to the time Claim No. 5 was filed. A number of factors weigh in favor of this result. First, the Debtor's Chapter 13 plan proposed to pay in full all priority tax claims. Secondly, the Debtor did not file a tax return for the years 1977 through 1980 until late in 1981. Finally, the timely-filed claim for federal income taxes indicated an intent on the part of the IRS to hold the Debtor liable for past-due federal income taxes and pre-petition interest thereon.

## UNTIMELY CLAIM FOR TAX PENALTY ARISING FROM NONPAYMENT OF FEDERAL CORPORATE WITHHOLDING TAXES

The untimely IRS claim asserting a 100% penalty for nonpayment of federal employment and withholding taxes is distinguishable from the discussion above. To briefly restate the facts, the IRS filed an amendment to Supplemental Claim No. 9 after the bar date to assert a 100% penalty in the amount of $20,467.88 (including penalty and prepetition interest) for federal employment and withholding taxes. The penalty was assessed on May 8, 1975 against Morrison J. Simms and Associates, Inc., a defunct Georgia corporation of which the Debtor was a principal.

■ As stated in *International Horizons*, "a claim, to be amended, must have informed the Court, within the period for filing of claims, of the existence, nature, and amount of the claim, and the creditor, within that period, must have indicated his intent to hold the estate liable thereon." The Court concludes that the timely-filed Claim No. 5 for the Debtor's *individual* federal income tax liability evinced no intent to hold the Debtor's estate liable for the penalty assessed against a defunct corporation for federal employment and withholding taxes. Accordingly, the amendment to Supplemental Claim No. 9 asserting this penalty shall be disallowed.

## STATUTE OF LIMITATIONS WITH RESPECT TO TAX PENALTY

■ Having determined in the preceding section that the untimely-filed claim for the tax penalty shall be disallowed, no further discussion of the statute of limitations with respect to the tax penalty is necessary. However, the Court notes that § 6502(a) of the Internal Revenue Code, 26 U.S.C. § 6502(a), which sets forth a six-year statute of limitations within which the IRS must commence collection proceedings after the assessment of a tax, would provide an alternative basis for holding that the IRS may not collect the tax penalty asserted in this case inasmuch as the penalty was assessed on May 8, 1975 and the Chapter 13 petition was filed more than six years later on July 20, 1981.

## CONCLUSION

In accordance with the foregoing, the Debtor shall pay his federal income tax liability for the years 1973, 1974, 1976 and 1977 at the rate of 1% as provided in his confirmed Chapter 13 plan; the IRS shall be entitled to a sixth priority administrative claim in the amount of $5,055.09 pursuant to Bankruptcy Code § 507(a)(6) for the Debtor's federal income tax liability for the years 1978, 1979 and 1980; and the IRS shall be barred from collecting the penalty assessed on May 8, 1975 for federal employment and withholding taxes.

IT IS SO ORDERED.