In re George Randall **BAKER** and Bonnie Marie Winder Baker, Debtors.

**UNITED STATES of America, Appellant,**

v.

**George and Bonnie BAKER, Appellees.**

No. 90–1053 C (2).

United States District Court, E.D. Missouri, E.D.

April 9, 1991.

J. Joseph Raymond, Office of Special Litigation, Tax Div., U.S. Dept. of Justice, Washington, D.C., Merle L. Stolar, I.R.S., St. Louis, Mo., for U.S.

John V. LaBarge, Jr., Trustee, Kirkwood, Mo.

T.J. Mullin, Clayton, Mo., for debtors.

## MEMORANDUM AND ORDER

FILIPPINE, Chief Judge.

This matter is before the Court on appeal from the United States Bankruptcy Court,

Eastern District of Missouri, pursuant to 28 U.S.C. § 158(a). The United States appeals from the decision of the bankruptcy court holding that a supplemental claim filed by it does not relate back to the date it originally filed a proof of claim.

On July 25, 1988, George and Bonnie Baker (Debtors) filed a joint petition under Chapter 13 of the Bankruptcy Code. The bankruptcy court set December 8, 1988, as the last day on which to file claims. On October 24, 1988, the Internal Revenue Service (IRS) filed a claim of $2,860.25 relating to Debtors' 1984 income taxes. On February 9, 1989, the IRS filed a supplemental claim to their original proof of claim, asserting that Debtors owed $5,349.70 plus interest for their 1985 income taxes (Supplemental Claim No. 1). The trustee objected to the claim on the ground that it was filed after the claims bar date.

The government admits that its claim was filed after the claims bar date; however, it indicates that the supplemental claim arose out of the same "conduct, transaction, or occurrence" set forth in the original claim, and, therefore, the supplemental claim should relate back to the timely filed claim under Federal Rule of Civil Procedure 15(c).

The bankruptcy court rejected the government's argument that because the original and supplemental claims both concerned overdue income taxes they were sufficiently similar to put the parties on notice that the claimant intended to hold the estate liable for the type of liabilities described in the proposed amendment. The bankruptcy court noted that while each of the claims concerned overdue income taxes, "each year's income tax amount is derived from a *completely* different set of factors and circumstances."

"The bankruptcy court's findings of fact are not to be overturned unless clearly erroneous; however, its conclusions of law are subject to *de novo* review." *In re Martin*, 761 F.2d 472, 474 (8th Cir.1985). The debtors argue that this matter should be reviewed under the clearly erroneous standard, while the United States suggests that the matter be reviewed *de novo*. Under either standard this Court would affirm the bankruptcy court's decision.

There is a split of authority in this country on the issue of whether an amendment in which the government seeks to add a new tax year relates back to a timely filed claim under Federal Rule of Civil Procedure 15(c).[1] This district is also split on the issue. The Honorable James H. Meredith found in *In re Diversified Brokers Co.*, 355 F.Supp. 76, 77–78 (E.D.Mo.1973), that such a claim could relate back.[2] Recently, the Honorable Judge William Hungate, in an unpublished decision, affirmed a decision of a bankruptcy judge finding that such a claim did not relate back. *In re Fischer*, 131 B.R. 137 (E.D.Mo.1990). Judge Hungate distinguished his case from *In re Diversified* based on the facts of the cases.

The Court has reviewed the government's original claim and its supplemental claim. The supplemental claim is an entirely new, different, separate and distinct claim from that asserted in the original claim, and, therefore, the bankruptcy court was justified in finding that the supplemental claim filed by the IRS is precluded by the claims bar date.

Accordingly,

IT IS HEREBY ORDERED that the April 26, 1990, order of the bankruptcy court that the supplemental claim filed by

---

**1.** See, e.g., *Menick v. Hoffman*, 205 F.2d 365 (9th Cir.1953) (relates back); *In re Calisoff*, 94 B.R. 1002 (Bankr.N.D.Ill.1988) (relates back); *In re Simms*, 40 B.R. 186 (Bankr.N.D.Ga.1984) (relates back); *Matter of Saxe*, 14 B.R. 161 (Bankr. S.D.N.Y.1981) (relates back); *In re Hanscom Retail Foods, Inc.*, 96 B.R. 33 (Bankr.E.D.Pa. 1988); *In re Owens*, 67 B.R. 418 (Bankr.E.D.Pa. 1986) (does not relate back); *In re Johnson*, 84 B.R. 492 (Bankr.N.D.Ohio 1985) (does not relate

back); *In re Miller*, 118 B.R. 76 (Bankr. E.D.Tenn.1989).

**2.** This case was affirmed on appeal, but the relation back issue was not raised on appeal and, therefore, not decided by the appellate court. *In re Diversified Brokers Co.*, 487 F.2d 355 (8th Cir.1973).

the Internal Revenue Service is precluded by the claims bar date is AFFIRMED.