**In the MATTER OF Curtis APPLING and Geraldine Appling, Debtors.**

**Bankruptcy No. 91–30413.**

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

Dec. 22, 1993.

---

Quintress J. Gilbert, Asst. U.S. Atty., Macon, GA, for I.R.S.

Tony D. Coy, Athens, GA, for debtors.

Camille Hope, Macon, GA, for the Chapter 13 Trustee.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Camille Hope, Standing Chapter 13 Trustee, filed an Objection to Claim on July 15, 1993. The Internal Revenue Service ("IRS")[1] filed a response on August 16, 1993. A hearing was held on October 13, 1993. The Court, having considered the evidence presented and the briefs of counsel, now publishes this memorandum opinion.

Curtis Appling and Geraldine Appling, Debtors, filed a petition under Chapter 13 of the Bankruptcy Code on March 28, 1991. The Applings scheduled, as an unsecured priority debt, an obligation for taxes in the amount of $2,187.56 owed to the United States. The Court entered an order on July 3, 1991, confirming the Applings' Chapter 13 plan. The bar date for filing a proof of claim in the bankruptcy case was August 14, 1991.

The IRS filed a timely proof of claim in the amount of $2,007.87 on July 22, 1991. The claim represents the Applings' income tax liabilities for the 1986, 1987, and 1990 tax years. The IRS filed an amended proof of claim for the same tax years on April 10, 1992. The amended claim reduced the IRS's original claim by $27. Trustee did not object to the amended claim.

In December of 1992, the IRS discovered that Mrs. Appling, during 1989, had received a distribution of $2,511 from a retirement plan. The distribution was taxable income that had not been reported on Mrs. Appling's tax return. The IRS determined that Mrs. Applying owed additional taxes of $252 for the 1989 tax year.

The IRS was not aware that Mrs. Appling was a debtor in a bankruptcy case because the IRS's "bankruptcy freeze code" was "referenced to the account of her husband." That is to say, the IRS referenced the bankruptcy filing of the Applings only under the social security number of Mr. Appling. The IRS attempted to set off Mrs. Appling's 1989 tax liability against the Applings' 1992 tax refund. The IRS reversed the attempted setoff when notified that Mrs. Appling was a debtor in a bankruptcy case. The IRS then filed a second amended proof of claim on July 7, 1993. The second amended claim asserts an income tax liability of $252 plus interest of $27.78 for the 1989 tax year. The amendment thus seeks to add the 1989 tax year that was not part of the IRS's timely proof of claim. It is undisputed that the Applings timely filed their tax returns for all relevant years.

The IRS failed to file a timely proof of claim for Mrs. Appling's 1989 tax liability for two reasons. First, the IRS had not completed its routine review of Mrs. Appling's 1989 tax return. The IRS conducts its routine reviews two years after the due date for

---

1. The IRS was represented by the United States Attorney.

the tax return.[2] Thus, the IRS representative who prepared the original proof of claim did not know that additional taxes for 1989 were owed. Second, for tax years 1986, 1987, and 1990, the Applings' filing status was "married filing joint return." In 1989, Mrs. Appling's filing status was "married filing separate return." Her husband's name and social security number, however, were printed in the appropriate spaces on Mrs. Appling's tax return.

The IRS contends that it may amend its timely proof of claim for 1986, 1987, and 1990 taxes to include Mrs. Appling's 1989 tax liability. The IRS contends that its "original claim asserted the [IRS's] intent to claim past-due income tax claims. The amendment is in a small amount and could not have been a surprise to the Debtors."

The IRS relies upon *In re Simms*.[3] In that case, the IRS filed a timely proof of claim for the debtor's 1973, 1974, and 1976 income tax liabilities. After the bar date, the IRS filed an amended proof of claim, asserting a claim for the debtor's 1977, 1979, and 1980 income tax liabilities. The bankruptcy court allowed the amendment and stated:

> The question presented is whether, under the standard set forth in *International Horizons*, these latter claims for federal income taxes should relate back to the original, timely-filed claim for federal income taxes.
>
> In other words, the Court must determine whether each untimely claim for federal income taxes constitutes "an amendment which merely states more specifically certain allegations with respect to the conduct, transaction or occurrence set forth in the original pleading" or, on the other hand, "states a new claim based upon a different set of facts or circumstances." *In re International Horizons, Inc., supra.* Although the untimely-filed [amended claim] asserted federal income tax liability for different years than were asserted in the timely-filed [claim], the Court con-

cludes that [the amended claim] should relate back to the time [the timely-filed claim] was filed. A number of factors weigh in favor of this result. First, the Debtor's Chapter 13 plan proposed to pay in full all priority tax claims. Secondly, the Debtor did not file a tax return for the years 1977 through 1980 until late in 1981. Finally, the timely-filed claim for federal income taxes indicated an intent on the part of the IRS to hold the Debtor liable for past-due federal income taxes and prepetition interest thereon.

40 B.R. at 190.

In *In re Simms*, the debtor had not timely filed his income tax returns. In the case at bar, Mrs. Appling timely filed her 1989 tax return.[4]

In *United States v. International Horizons, Inc. (In re International Horizons, Inc.)*[5] the Eleventh Circuit Court of Appeals stated:

> Thus in a bankruptcy case, amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim. Still, the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment.
>
> Under the traditional view on the appropriateness of amendment that the bankruptcy and district courts first considered, and which was developed interpreting the statutory 6-month bar provision of § 57n of the Bankruptcy Act, 11 U.S.C. § 93(n), amendment is permitted only where the original claim provided notice to the court of the existence, nature, and amount of the claim and that it was the creditors' intent to hold the estate liable.

751 F.2d at 1216–17.

---

2. The due date for 1989 tax returns was April 15, 1990.

3. 40 B.R. 186 (Bankr.N.D.Ga.1984).

4. Mrs. Appling's 1989 tax return was dated February 2, 1990. The due date of the tax return was April 15, 1990.

5. 751 F.2d 1213 (11th Cir.1985).

In *In re Unroe*,[6] the IRS filed a timely proof of claim for 1982 taxes. After the bar date, the IRS filed an amendment, asserting a claim for 1983 taxes. The debtor objected to the amended claim for 1983 taxes as untimely filed. The Seventh Circuit Court of Appeals agreed with the debtor and stated:

> The IRS's position would permit the Service to file a claim for one tax year, and then, after the bar date, "amend" by right the claim to include any number of additional tax years. This would defeat the bankruptcy law's purpose of affording the debtor, trustee and court timely notice of claims. Separate years imply separate tax claims under Bankr.R. 7015. Examples of amendments permitted under Bankr.R. 7015 would include correcting the amount of tax, penalties or interest claimed in a timely filed claim. Fed.R.Civ.P. 15(c) therefore does not rescue the tardy 1983 claim.

937 F.2d at 349.

"[An] amended claim [relates] back to the original claim as long as the amendment concerns the same kind of tax for the same tax year." *In re Stavriotis*, 977 F.2d 1202, 1206 n. 4 (7th Cir.1991).

The IRS does not allege that Mrs. Appling committed any fraud in preparing her 1989 tax return. Her 1989 tax return was sent to the IRS some eighteen months prior to the bar date for filing a proof of claim in the Applings' bankruptcy case. The Court is persuaded by the reasoning of the *International Horizons* and the *Unroe* courts that the IRS's second amended proof of claim filed with the Court on July 7, 1993, must be disallowed.

An order in accordance with this memorandum opinion will be entered this date.

### ORDER

In accordance with the memorandum opinion entered this date; it is

ORDERED that the "Objection to Claim" filed by Camille Hope, Standing Chapter 13 Trustee, on the 15th day of July, 1993, hereby is sustained; and it is further

6. 937 F.2d 346 (7th Cir.1991).

ORDERED that the second amended proof of claim filed by the Internal Revenue Service on the 7th day of July, 1993, hereby is disallowed.

SO ORDERED.