In re Howard **KING** and Rebecca **King**, Debtors.

Bankruptcy No. 93–13968–B13.

United States Bankruptcy Court, S.D. California.

March 16, 1998.

David E. Britton, Lockhart & Britton, La Mesa, CA, for Debtors.

David L. Skelton, San Diego, CA, Chapter 13 Trustee.

Jian J. Grant, Trial Atty., Tax Division, U.S. Dept. Of Justice, Washington, DC, for Internal Revenue Service.

Scott N. Orona, San Diego, CA, for Chapter 13 Trustee.

* Formerly known as Louise DeCarl Malugen.

1. Hereinafter, all code and section references refer to 11 U.S.C. sections 101–1330 unless otherwise specified.

2. Paragraph 1 of the Plan provides:

Administrative Claims. Trustee shall disburse dividends to all section 1326(b) claims and charges in advance of all other claims, unless priority expressly waived. All other section

## MEMORANDUM DECISION

LOUISE DeCARL ADLER, Chief Judge.*

Howard and Rebecca King ("Debtors") object to the allowance of the Internal Revenue Service ("IRS") claim of $33,534.14 for postpetition taxes. It appears Debtors believe allowance of this claim prejudices them because they will be unable to complete their Chapter 13 plan ("Plan") within the 60–month limit. The IRS opposes, stating the claim must be allowed under 11 U.S.C. § 1305(a)(1)[1]. Subsequently, the Chapter 13 trustee ("Trustee") filed a Motion to Dismiss because the Debtors have not made any Plan payments since November 1997.

These issues are intertwined and accordingly the Court discusses them together. First, the objection to the IRS claim for postpetition taxes is overruled and the claim allowed. Second, the case must be dismissed because there is a material default in performance of the Plan provisions.

## I. FACTUAL BACKGROUND

Debtors filed a Chapter 13 bankruptcy petition on December 17, 1993. The Plan was confirmed without objections on April 26, 1994. The confirmed Plan called for $705.00/month to be paid to the Trustee and provided a 10% dividend to unsecured creditors over a plan length of approximately 55 months. The Plan also provided that all priority and section 1305(a)(1) claims would be paid in full.[2] The Plan further stated that the Trustee in his discretion could pay in full any allowed post-petition claim.[3] After the Debtors completed all payments on prepetition claims filed in the case and while they were awaiting their discharge, the IRS filed its claim for post-petition taxes of $33,534.14.

1322(a) and section 1305(a)(1) claims allowed shall be paid in full by deferred payments in such priority and installments as the Trustee in his sole discretion deems appropriate.

3. Paragraph 11 of the Plan provides in relevant part:

Claims allowed for post-petition debts incurred by debtor(s) may be paid in full and in such order and on such terms as the Trustee, in his sole discretion, may determine.

## II. ISSUES

1. Should the Court allow the IRS to file a post-petition claim for taxes?

2. Should the case be dismissed for a material default in performance of the Plan provisions?

## III. DISCUSSION

### 1. Should the Court allow the IRS to file a post-petition claim for taxes?

There is no dispute that the claim for taxes is a post-petition claim as these taxes did not become due until after the filing of the petition. *See, In re Ryan*, 78 B.R. 175, 183 (Bankr.E.D.Tenn.1987). The IRS argues its claim should be allowed because section 1305(a)(1) was drafted to provide for such claims. The Court agrees with the IRS.

■ Section 1305(a) of the Bankruptcy Code provides that post-petition tax claims may be filed in a pending Chapter 13 case. This section supplements section 502 in Chapter 13 cases by permitting these claims to be treated the same as pre-petition claims for purposes of proof, allowance and distribution. Section 1305 provides,

(a) A proof of claim may be filed by any entity that holds a claim against the debtor-

(1) for taxes that become payable to a governmental unit while the case is pending.

\* \* \* \* \* \*

(b) Except as provided in subsection (c) of this section, a claim filed under subsection (a) of this section shall be allowed or disallowed under section 502 of this title, but shall be determined as of the date such claim arises, and *shall be allowed* under section 502(a), 502(b), or 502(c) of this title,

*or disallowed* under section 502(d) or 502(e) of this title, *the same as if such claim had arisen before the date of the filing of the petition.*[emphasis added]

Section 1305(b) creates, in effect, a legal fiction. Although in reality the IRS claim arose postpetition, it is allowed under section 502(b) [4] as though it arose pre-petition. As a pre-petition claim, section 507(a)(8). becomes applicable and the IRS claim becomes a priority claim.

The IRS points to section 1322(b)(6) [5] as the section in this case which permits allowance of post-petition claims. However, the Court believes reliance on that section is misplaced. Rather, the Court believes section 1322(a) applies to this situation. Specifically, section 1322(a)(2) states the plan must provide for the full payment of all claims entitled to priority under section 507. Section 507(a)(8) provides that income taxes are an eighth priority claim.[6] Section 1322(a)(2) requires the Plan to provide for full payment of priority claims; otherwise, it cannot be confirmed. Debtors' Plan, under paragraph 1, provides that priority claims are to be paid in full.

The Court is troubled by the language found in paragraph 11 of the Plan [7] which appears to give the Trustee the discretion to pay section 1305 post-petition claims. Paragraph 11 does not state to which type of section 1305 post-petition claim it applies. However, it can only apply to post-petition consumer debt claims because to interpret it otherwise would be to circumvent the clear requirements of section 1322(a)(2). The Court finds the IRS tax claim for post-petition taxes must be allowed under section 1305 and must be satisfied in full under the Plan.

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

---

4. Although neither party addressed this issue, the Court finds that this claim is allowable under section 502.

5. Section 1322(b)(6) states that the plan may provide for the payment of section 1305 post-petition claims.

6. Section 507(a)(8) in pertinent part provides:
   (A) a tax on or measured by income or gross receipts-

7. *See* fn. 3 *supra*. The Plan utilized by the Debtors is the Chapter 13 Trustee's recommended plan for the Southern District of California.

Debtors appear to argue they will be prejudiced by the allowance of the IRS claim because they will be unable to complete their Plan within the 60–month limit. The IRS responds that Debtors have paid off the Plan by using the money which should have been paid to the IRS. When one compares the $33,534.14 owed in taxes to the $30,130.56 paid to date to the Trustee, that conclusion is inescapable. The legal fiction of allowing the claim as though it had arisen pre-petition is usually a benefit for debtors in a Chapter 13. Debtors are given the opportunity to pay off post-petition taxes over the remaining life of their Chapter 13 plan, rather than required to pay the taxes in a lump sum. It does not give debtors the option to disregard payment of taxes completely, as Debtors have done in this case. The Court believes any prejudice which occurs by the allowance of the IRS claim has been brought upon Debtors by themselves. The IRS claim is allowed and the objection overruled.

**2. Should the case be dismissed for a material default in performance of Plan provisions?**

This Court may dismiss a Chapter 13 case pursuant to section 1307(c) if it is in the best interest of creditors and for cause. A material default by the debtor with respect to a term of a confirmed plan is considered cause for dismissal. The Plan provides in paragraph 1 for the full payment of priority and section 1305(a)(1) claims and provides for a 10% dividend to unsecured creditors. Debtors have failed to make Plan payments to the Trustee since November 1997. Since substantial tax claims remain unpaid, the Court finds dismissal for nonpayment is warranted and grants the Trustee's motion.

## IV. CONCLUSION

Following the standards of section 1305(a)(1) the IRS claim for post-petition taxes is allowed. The Court overrules the Debtors' objection to the claim. Also, cause exists for dismissal because the Debtors have failed to make payments as required under the Plan since November 1997. The Trustee is directed to prepare an order in accordance with this Memorandum Decision within ten (10) days of the date of entry.