In re Jerry Lee GILLEY, d/b/a Gilley Farms; D & G Farms, Debtor.

No. 96–16913–8G2.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 8, 2002.

Bernard J. Morse, Esquire, Morse, Berman & Gomez, P.A., Tampa, FL, for debtor.

Terry E. Smith, Bradenton, FL, trustee.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT BY JERRY GILLEY

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court for hearing on the Motion for Partial Summary Judgment by Jerry Gilley, and the Opposition by Claimant United States of America to Motion for Partial Summary Judgment by Jerry Gilley.

The Debtor filed a petition under chapter 12 of the Bankruptcy Code on December 9, 1996.

On April 30, 1997, the Internal Revenue Service filed a proof of claim (# 6). The claim is for income taxes for the years 1990 through 1995, and is in the total amount of $22,944.31. On April 13, 1998, the Internal Revenue Service filed a proof of claim (# 7), which states that it amends claim # 6. The claim is for income taxes for the years 1992 through 1995, and is in the total amount of $120,580.26. On June 16, 1999, the Internal Revenue Service filed a proof of claim (# 9), which states that it amends claim # 6. This claim is for income taxes for 1994 and also for the tax period of January 1, 1996, to December 9, 1996, and the claim is in the total amount of $190,432.51.

## Motion for Partial Summary Judgment

Rule 56(c), Federal Rules of Civil Procedure, applicable to this contested matter through Rules 9014 and 7056, Federal Rules of Bankruptcy Procedure, states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

As the party moving for summary judgment, the Debtor has the burden of demonstrating that there is no genuine issue as to any material fact. The dates that the proofs of claim were filed, and the contents of the proofs of claims, are not in dispute. It is appropriate to consider the Debtor's Motion for Partial Summary Judgment.

### Discussion

In his Motion for Partial Summary Judgment, the Debtor contends that the portion of claim # 9 filed by the Internal Revenue Service for income taxes for the stated period in 1996 in the amount of $186,439.00 is untimely and should be disallowed. He contends that the claim for 1996 taxes does not relate back to the timely filed tax claim (Claim # 6) because the 1996 income taxes are a new liability that was not claimed by the United States in its timely filed claims.

Section 502(b)(9) of the Bankruptcy Code provides that a claim of a governmental unit shall not be allowed over the objection of a party in interest if proof of such claim is not filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure provide.

Rule 3002(c) of the Federal Rule of Bankruptcy Procedure addresses the peri-

od in which a governmental unit must file a proof of claim:

## Rule 3002. Filing Proof of Claim or Interest

(c) **TIME FOR FILING.** In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:

(1) A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. On motion of a governmental unit before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the governmental unit.

Rule 9006(b) provides that this time period can be extended only on the conditions stated in Rule 3002(c); that is, only on motion filed before the expiration of the period, and only for cause shown. The United States did not file a motion to extend the time for filing a claim in this case.

Accordingly, the question before the Court is whether the claim for 1996 income taxes, which was included in the proof of claim filed subsequent to the time provided by Fed. R. Bankr.P. 3002(c), is a new claim and therefore time barred, or is an appropriate amendment to the original proof of claim (# 6) that was filed timely by the IRS.

A study of the case law that governs this question in the Eleventh Circuit begins with *United States v. International Horizons, Inc. (In re International Horizons, Inc.)*, 751 F.2d 1213 (11th Cir.1985). In that Chapter 11 case, the IRS had filed timely proofs of claim for 1980 and 1981 federal withholding taxes and federal unemployment taxes. However, subsequent to the bar date, the IRS served a notice of deficiency for over $15,000,000 in disputed corporate income taxes for 1974 and 1975 tax years. The bankruptcy court disallowed amendment to the timely filed proof of claim by the IRS for the 1974 and 1975 corporate income taxes, and the district court affirmed. The Eleventh Circuit also affirmed, noting that while amendment to a claim is "freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim," it is essential that there is "no attempt to file a new claim under the guise of amendment." *Id.* at 1216.

In *Hillsborough Holdings Corp. v. United States (In re Hillsborough Holdings Corp.)*, 1995 WL 312026 (M.D.Fla.1995), the district court affirmed the bankruptcy court's holding that an amendment to a proof of claim for two different years of coal royalties was actually a new claim that should be disallowed. In that case the Government had timely filed claims for coal royalties for the years 1985–1987, as well as timely filed claims for corporate tax liability for the years of 1983 and 1984. In the claim filed subsequent to the Chapter 11 bar date, the Government added coal royalty claims for 1983 and 1984. The District Court concluded that the claim for coal royalties for 1983 and 1984 was a new claim, even though the Government had timely filed a claim for income taxes for those years, and even though the Government had timely filed a claim for coal royalties for other years.

In addition to this background from the Eleventh Circuit and the Middle District of Florida, several bankruptcy courts have addressed the issue raised by an amendment to add additional tax years to timely

filed proofs of claim by the United States or a state or local taxing authority. Proofs of claim that attempt to add tax liability for additional time periods have usually been disallowed by bankruptcy courts.

In occasional instances, such an additional claim has been allowed. For example, in *In re Simms*, 40 B.R. 186 (Bankr. N.D.Ga.1984), Judge Drake considered two different aspects of an untimely filed claim by the IRS in that Chapter 13 case. A timely filed proof of claim by the IRS contained amounts for 1973, 1974, and 1976 individual income tax liability. Amendments to the claim filed after the bar date added claimed amounts for 1977, 1978, 1979, and 1980 taxes. (The debtor's petition was filed in December, 1981.) In addition, a 100% penalty assessed in 1975 for nonpayment of federal employment and withholding taxes of a defunct corporation associated with the debtor was added to the amended claim after the bar date. Although at that time the Eleventh Circuit had not determined the *International Horizons* case, supra, Judge Drake's decision in *International Horizons* to disallow an amendment to a proof of claim by the IRS for a different type of tax liability had been affirmed by the United States District Court. In the *International Horizons* case, the IRS had argued that the "transaction" between the debtor and the IRS encompassed the entirety of their debtor-creditor relationship. This view would have allowed the IRS to freely amend a timely proof of claim for different tax years, different tax liabilities, or substantially greater amounts than the original proof of claim. This broad view was rejected in *International Horizons* and in *In re Simms*, 40 B.R. 186, 189 (Bankr. N.D.Ga.1984). Judge Drake, noting that the debtor did not file a tax return for the years 1977 through 1980 until late in 1981, did hold that the amendment to the timely filed proof of claim by the IRS for the post–1976 tax amounts should relate back to the time the original proof of claim was filed. However, the penalty related to the debtor's defunct corporation for federal employment and withholding taxes was disallowed.

The bankruptcy court for the Central District of California allowed an IRS amendment to a proof of claim for 1990 income taxes in a Chapter 13 case when the original timely filed proof of claim listed only taxes for the years 1985–1989. *In re Osborne*, 159 B.R. 570, 577 (Bankr. C.D.Cal.1993), *aff'd*, 167 B.R. 698 (9th Cir. BAP 1994) (unpublished table decision), *aff'd*, 76 F.3d 306 (9th Cir.1996). Relying on the *Simms* decision, supra, the bankruptcy court allowed the late filed claim of the IRS listing the subsequent tax year of 1990. However, the bankruptcy court disallowed the amended claim of the IRS for payroll taxes, since the original timely filed proof of claim contained only amounts for income taxes. The IRS appealed the decision to the Ninth Circuit Bankruptcy Appellate Panel, which affirmed the lower court's opinion. The debtors had scheduled income taxes for 1989 and 1990 in their petition as priority unsecured debt, and the debtors did not appeal the decision by the bankruptcy court to allow the IRS proof of claim, as amended, to include 1990 income taxes. The Ninth Circuit Court of Appeals held that the IRS' claim for payroll taxes was properly disallowed as untimely; the issue of allowing the untimely filed claim for 1990 income taxes as an amendment to the original timely filed claim for 1985–1989 taxes by the IRS was not addressed beyond the bankruptcy court. The bankruptcy court's decision in *Osborne* is one of the few decisions that allowed an IRS amendment to add liability for a different tax year than originally claimed.

Chief Judge Hershner of the bankruptcy court for the Middle District of Georgia, distinguished *In re Simms,* supra, on the basis of the failure of the debtor in that case to file his individual income tax returns. *In re Appling,* 162 B.R. 43, 45 (Bankr.M.D.Ga.1993). In *Appling,* Chief Judge Hershner, citing two cases from the Seventh Circuit Court of Appeals (*In re Unroe,* 937 F.2d 346 (7th Cir.1991); *In re Stavriotis,* 977 F.2d 1202 (7th Cir.1992)), held that an amendment to a claim by the IRS for a tax year which was not the subject of the original, timely filed proof of claim should be disallowed. *In re Appling* at 46.

In the two Seventh Circuit cases cited above, amendments to claims by the IRS included tax liabilities for years not included in the original timely filed claims. The Seventh Circuit stated in the Chapter 13 case of *In re Unroe,* 937 F.2d 346, 349 (7th Cir.1991), "Separate years imply separate tax claims under Bankr.R. 7015. Examples of amendments permitted under Bankr.R. 7015 would include correcting the amount of tax, penalties or interest claimed in a timely filed claim." Citing an Internal Revenue manual and *Unroe,* supra, the Court made it clear in *In re Stavriotis,* 977 F.2d 1202, 1206, n. 4 (7th Cir.1992), that an amended claim for 1982 taxes would not relate back to an original timely filed claim for 1981 and 1984 taxes in that Chapter 11 case.

There are numerous Chapter 13 cases where the court disallowed an amendment to a proof of claim filed by the IRS which attempted to add different tax years to the original claim. See *United States v. Owens,* 84 B.R. 361 (E.D.Pa.1988); *In re Baker,* 129 B.R. 607 (E.D.Mo.1991); *In re Rains,* 139 B.R. 158 (Bankr.D.Md.1992); *U.S. v. Roberson,* 188 B.R. 364 (D.Md. 1995); *In re Jagours,* 236 B.R. 616 (Bankr.

E.D.Tex.1999); and *In re Chavis,* 47 F.3d 818 (6th Cir.1995).

With regard to the threshold issue of whether an amendment to a proof of claim to add a different tax period can relate back to the originally filed claim, the majority of courts conclude that different years give rise to different tax claims. Since a claim for a separate tax period is a separate claim, if a proof of claim is not timely filed then the claim cannot be added to a timely filed proof of claim by amendment to the timely filed claim.

The Court concludes that the subsequent claim of the United States for 1996 taxes in this case is not an appropriate amendment to the timely filed proof of claim for years 1990 through 1995 under the standards for amendment set forth by the Eleventh Circuit in *International Horizons.* ("Thus, in a bankruptcy case, amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *United States v. International Horizons, Inc. (In re International Horizons),* 751 F.2d 1213, 1216 (11th Cir.1985).)

■ As the basis for allowing the claim on equitable grounds, the Internal Revenue Service cites its difficulty in obtaining information from the Debtor. This difficulty began prior to the claims bar date. Rule 9006 provides that the time for filing claims may be extended for cause on motion filed before the expiration of the period for filing claims; however, the Internal Revenue Service did not file such a motion.

Certain cases are instructive as to whether equitable considerations should override the fact that the amendment of the claim for 1996 taxes does not relate back to the original timely filed claim.

In *In re Faust*, 180 B.R. 432 (Bankr. D.S.C.1994) the debtors failed to mail their 1991 income tax return to the local IRS office which handled taxpayers in bankruptcy, as the government had requested. The IRS did not file a timely claim for 1991 income taxes in the case. However, the bankruptcy court found that it would be inequitable to deny the claim when the debtor was in essence "playing hide and seek" with the United States over existing, but inadequately disclosed, tax debts. *Id.* at 437.

The United States cites *In re Kolstad*, 928 F.2d 171 (5th Cir.1991), *reh'g en banc denied*, 936 F.2d 571 (5th Cir.1991), *cert. denied*, 502 U.S. 958, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991). In *Kolstad*, although the IRS did not file a claim timely in the bankruptcy case, the debtor filed a claim on behalf of the IRS pursuant to Fed. R. Bankr.P. 3004. The IRS later sought to amend the claim filed by the debtor, to correct the amount of the claim. The Fifth Circuit Court of Appeals held that the bankruptcy court had discretion to permit the IRS' amendment to the debtor's proof of claim for federal taxes. *Id.* at 175. The Fifth Circuit did not view the amendment as a new claim, but simply as an amendment to a filed claim to assert a higher amount. *Kolstad* is very different from the case before the Court.

In a Chapter 13 case where a secured creditor filed a motion to allow late-filed proof of claim, *In re Kelley*, 259 B.R. 580, 585 (Bankr.E.D.Tex.2001), the bankruptcy court declined to use the equitable power recognized by the Fifth Circuit in *Kolstad*, since the secured claim (unlike the one filed by the debtor in *Kolstad* ) was clearly subject to attack on the basis of untimeliness.

There are a few Chapter 12 cases that deal with the issue of a late-filed claim by a creditor. The bankruptcy court in *In re* *Boudinot*, 237 B.R. 413, 417–18 (Bankr. S.D.Ohio 1999) determined that in a Chapter 12 case, an unsecured creditor must file a timely proof of claim in order to participate in the debtor's plan of reorganization; that the court was "prohibited" from allowing the creditor's tardily-filed proof of claim. The Court of Appeals for the Seventh Circuit considered a Chapter 12 case where a creditor sought to file late proofs of claim in *In re Greenig*, 152 F.3d 631 (7th Cir.1998). The Court answered the question posed in *In re Unroe*, 937 F.2d 346 (7th Cir.1991), of whether a court has equitable powers to allow a late-filed proof of claim outside the exceptions contained in Fed. R. Bankr.P. 3002(c). The Court found that equitable considerations could not circumvent the date by which a creditor must file a proof of claim. *Greenig* at 636.

The Ninth Circuit Court of Appeals considered a unique issue in the context of the 180–day period for governmental units to file a proof of claim. *In re Gardenhire*, 209 F.3d 1145 (9th Cir.2000). In this Chapter 13 case, the case was erroneously dismissed for a period of 79 days prior to reinstatement. The IRS proof of claim was filed 191 days after the petition was filed. Upon objection by the debtors to the IRS claim as untimely, the IRS argued that the 180–day filing period was suspended for 79 days due to the erroneous dismissal. The bankruptcy court overruled the debtors' objection to the IRS claim without opinion, and the Bankruptcy Appellate Panel affirmed, based on the "equitable tolling" argument of the IRS. The Ninth Circuit Court of Appeals reversed, concluding

> . . . application of equitable tolling to the 180–day period for governmental units to file proofs of claim pursuant to § 502(b)(9) of the Bankruptcy Code is inconsistent with the plain meaning of the Bankruptcy Code and Rules, appli-

cable Ninth Circuit precedent, and the weight of authority from other jurisdictions. Equitable tolling cannot be applied to extend the filing period of § 502(b)(9) ...

*Id.* at 1152.

See, also, *In re Bennett*, 278 B.R. 764, 765 (Bankr.M.D.Tenn.2001)(Chapter 13 case in which the court stated "equitable considerations may not override the clear language in the statute and rules requiring the timely filing of claims") and *In re King*, 90 B.R. 155, 158 (Bankr.E.D.N.C. 1988) (Chapter 12 case which found despite "equities of this situation...The bar dates for filing claims are strictly construed.")

In *In re Miller*, 90 B.R. 317, 323 (Bankr. E.D.Tenn.1988), the bankruptcy court found that an amendment by the IRS to a timely filed proof of claim did not "relate back," and then analyzed the debtor's conduct in the context of an audit to determine if some "extraordinary ground" existed to allow the amendment. Although the court stated that it did not know whether the debtor was intentionally trying to mislead the IRS, the court noted that he did not "go out of his way to help the IRS." *Id.* at 324. However, such conduct did not give rise to an "extraordinary ground" to allow such amendment to the IRS proof of claim.

With regard to the Debtor's situation, the United States characterizes the Debtor's conduct as filing a federal income tax return for 1996 knowingly omitting income of $541,872.58 and failing to cooperate with the initial audit of his 1996 return. The United States argues that equity requires the claim for 1996 taxes be allowed such that Debtor is required to pay his unpaid federal income taxes for 1996 through this Chapter 12 case. The difficulties between the Internal Revenue Service and the Debtor began before the bar date, however, but the IRS did not file a request to extend the bar date. Additionally, the weight of the most recent judicial authority persuades the Court that the equitable considerations raised by the Internal Revenue Service are not grounds for allowing a late-filed claim for the Debtor's 1996 taxes.

In this case, the Debtor has objected to the allowance of his federal income tax liability for 1996 as an amendment to the original proof of claim that was timely filed by the IRS. The Court does not find that it is appropriate to justify the allowance of the new, late-filed claim by the United States for 1996 federal income taxes of the Debtor through the "equities" of the situation.

### Conclusion

In accordance with Eleventh Circuit precedent and the weight of authority from other jurisdictions, the Court determines that the claim for the income tax liability for 1996 specified in Claim # 9 by the Internal Revenue Service (which amends Claim # 6) should be disallowed since the claim for 1996 taxes does not relate back to the original timely filed claim. In addition, the Court determines that it is not appropriate to allow the claim based on the equitable considerations raised by the Internal Revenue Service. Therefore, it is appropriate to grant the Debtor's motion for partial summary judgment.

Accordingly:

**IT IS ORDERED** that:

1. The Motion for Partial Summary Judgment filed by the Debtor, Jerry Lee Gilley, is granted.

2. The Claim of the Internal Revenue Service for 1996 taxes as specified in Claim # 9 is disallowed.